COUNTZ vs. COUNTZ.

1. DIVORCE. *Alimony, pendente lite, etc.*
   Where the plaintiff, in a proceeding for divorce, applies for alimony *pendente lite*, and an allowance for attorney's fees, she must make some showing of merit, by affidavit or otherwise, if the allegations of her complaint are denied by the answer supported by the affidavits of witnesses.

APPEAL from *Pulaski* Chancery Court.

Hon. W. I. WARWICK, Chancellor.

*Rose,* for appellant.

*J. M. Moore, contra.*

ENGLISH, CH. J. :

On the 9th of December, 1873, Charlotte Countz, by her next friend, James L. Witherspoon, filed a bill for divorce from bed and board, etc., against her husband, Fritz Countz, in the Chancery Court of Pulaski county.

The bill alleged, in substance, that plaintiff and defendant had been married about two years. That for six months they lived together agreeably, and then, without any reasonable or just cause, defendant began to treat her coldly, which increased to abuse ; charged that she had married him for his money, and taught his children by a former wife, to disregard her commands ;

and, in various ways, mistreated and harrassed her for the purpose of driving her away. That she endured all, although her life was rendered miserable, until about two weeks before the filing of the bill, when the defendant, without cause, proceeded to personal violence, and beat and abused her outrageously; struck her on the shoulder with a stick of wood, and bruised it so that she could not use her arm for a week or more, and made use of the most terrible threats against her life. That as soon as soon as she could make her escape she did so; went to a justice of the peace near by, informed against him, and then she came to Little Rock. That she had tried in every way to please the defendant, and submitted even to be his slave in the hope that he would relent and cease his abuse, until she could stand it no longer, and fearing that he would take her life, fled from him. That before the marriage she had household and kitchen furniture, worth about $300, which was in possession of defendant, and had been much abused by him and his family. That she was left without any property, or means of support, was forty-four years of age, and dependent on the charity of a friend for support. That the defendant had lots and houses in Little Rock worth $2,000, and a farm and personal property in the country, where he lived, of the value of $4,000, and was a thrifty, money-making man, but threatened to put his property out of his hands in order to prevent her rights. Prayer for divorce from bed and board, for alimony and for an allowance for her solicitor's fees, costs, etc. The bill was sworn to by the plaintiff.

On the filing of the bill the court ordered a subpœna and notice to the defendant to appear on a day fixed, and show cause, if any he could, why an order should not be made requiring him to pay into court temporary alimony for the benefit and support of plaintiff during the pendency of the suit.

The defendant filed a sworn answer, in which he pointedly denied all of the material allegations of the bill, on which the plaintiff asked for relief. He admitted the marriage, and was silent as to the alleged value of his property. He also made affirmative allegations, charging plaintiff with outrageous conduct, voluntary abandonment, etc. The charges are specifically made and circumstances detailed. He also filed the sworn statements of four persons supporting the answer. The plaintiff produced no affidavit or witness to sustain her bill.

The application for temporary allowance was heard on the 16th December, 1873, and the court ordered the defendant to pay to the master $150 for plaintiff's solicitor's fees, and for her support $20 per month from the commencement of the suit until the final hearing.

The defendant filed a motion, asking the court to revoke the order, or to reduce the amount of the allowance, alleging inability, etc.

The court so far modified the order as to allow the defendant thirty days to pay in one-half of the sum allowed for the fees of the plaintiff's solicitor, and ninety days to bring in the other half. The defendant appealed.

In *Hecht* v. *Hecht*, 28 Ark., 92, this court held that an appeal would lie from an order requiring the husband, on a bill against the wife for divorce, to pay in $500 for the wife's solicitor, and $250 for her costs pending the suit, and reversed the order because the sums allowed were excessive, and an abuse of the discretion of the court. The order was held to be, in its effects, final under section 15 of the code.

The statute provides that "during the pendency of an action for divorce or alimony, the court may allow the wife maintenance and a reasonable fee for her attorneys, and enforce the payment of the same by orders and executions, and proceedings as in cases of contempt." Gantt's Digest, sec. 2202.

The words "may allow" imply that the court is to exercise discretion, which must of course be a sound judicial discretion, and if abused is subject to review. The court below seems to have been of the opinion that the allowances for the attorney's fee and support pending the suit, were to be made as a matter of course and of right, notwithstanding that the material allegations of the wife's bill were denied by the sworn answer of the husband, and regardless of the fact that the answer was supported by the affidavits of four witnesses, and of the further fact that the wife produced upon the hearing of the application, no affidavit or witness to sustain her complaint or show any merits in her case.

The counsel for the appellant insists that the husband should not be permitted to prevent such allowance by answer and *ex parte* affidavits, for thereby the wife might be prevented from prosecuting her suit, and defeated in obtaining merited relief, which she might otherwise obtain on the final hearing, if aided by the means of the husband.

We have examined the authorities cited by the counsel for appellant, and others, and find that they do not sustain the proposition as broadly as submitted.

In *Kock* v. *Kock*, 42 Barb., 515, where the bill was brought by the husband, the wife made application for alimony and counsel fees, to aid her in conducting her defense. The husband read affidavits on the hearing of the application, tending to show that the wife was an adulteress, etc.

Clerke, J. said: "Formerly it was usual to grant alimony and counsel fees, in all actions for divorce brought by the husband against his wife, but of late the rule has been relaxed, and that it would be an outrage to grant an allowance in such a case as this."

In *Whitney* v. *Whitney*, 22 Howard Pr. R., 177, the court said: "The discretion conferred by the statute (which is similar to ours) enables the court to require the wife, when plaintiff, to show that the action is brought in good faith, before compelling the husband to pay her money to enable her to prosecute the action. The court should do this to protect the husband against vexatious suits. The *ad interim* alimony and money to sustain the expenses are given, not as of strict right to the wife, but of sound judicial discretion in the court."

The court held that the application might be made before the husband was served with a copy of the bill, but should be supported by affidavits showing facts to make a good complaint.

In *Carpenter* v. *Carpenter*, 19 Howard Pr. R., 539, the court said: "This application is made by the plaintiff, with full knowledge of the facts set up in the defendant's answer, charging her with dereliction in the discharge of her marital duties, and excusing his own conduct, and yet no affidavit is made in explanation or denial of these facts. Then, too, the acts of misconduct and abandonment set up in the complaint, are, most of them, denied or explained by the defendant; and the principal allegations are explained by other parties who were witnesses to the transactions. Upon the whole matter, I have come to the conclusion that there is too much doubt raised by the facts now presented, as to her right to ultimate relief, to justify me in extending to the plaintiff the relief she now asks," etc.

In *Mix* v. *Mix*, 1 John. Ch., 108, the husband demurred to the wife's bill, and on her application, alleging that the husband had abandoned her, and that she was destitute, Chancellor Kent made her an allowance before the hearing of the demurrer.

In *Purcell* v. *Purcell*, 3 Edwards Ch., 194, the wife answered the husband's bill, denying, on oath, the grounds of complaint,

and the court held that he must furnish her money for defense and suitable support during the litigation.

In *Worden, by her next friend*, v. *Worden*, 3 Edw. Ch., 387, the husband answered, denying the allegations of the wife's bill, and supported his answer by copies of her letters before the bill was filed, and the Vice Chancellor refused her allowances. He said her next friend, who had been willing to embark in her enterprise, must be considered as willing to defray the expense, until she made it appear that she had a meritorious cause of complaint.

Mr. Tyler says : " It is not at all a matter of course to allow an advance to the wife on a bill for divorce, *a mensa et thoro* to enable her to prosecute her suit. Injury and meritorious cause of action must be made to appear, and then a suitable allowance will be made." Tyler on Inf. and Cov., 912.

Mr. Bishop says : " The allowance to the wife of *ad interim* alimony and money to sustain the expenses of the suit, is not regarded as a matter of strict right in her, but of sound discretion in the court. The discretion, however, is a judicial and not an arbitrary one. And when a case is brought within the principles which have been recognized as entitling the wife to the allowance, it follows pretty much as a matter of course. If for example, she is the plaintiff, it is no objection to making her the allowance that the husband denies her charges under oath * * * but the pleadings which she presents must show merits." Bishop on Mar. and Div., sec. 581. See, also, Puterbaugh's Plead. and Prac., 730.

In this case the material allegations of the wife's complaint were not only denied by the husband's sworn answer, but the answer was supported by sworn statements of four persons, tending to show that there were no merits in her complaint.

If in fact she was treated with cruelty by her husband, and forced to escape from him for safety, as she alleges, there must have been some witness of her wrong, if not, how could she hope to maintain her bill on the final hearing, against the sworn answer of the husband, by two witnesses, or one with corroborating circumstances.

If there was any witness who could support her complaint, surely her next friend, who had "embarked in her adventure," might have gone to the trouble, or borne the expense of procuring his affidavit, or produced him before the Chancellor on the hearing of the application.

The husband's answer and witnesses, conduce to show that the wife abused his children, punished him terribly with her tongue, and finally abandoned him.

We think the court below disregarded precedents, and abused its discretion in making the allowances in this case. The wife should have been required to make some showing of merits in her bill before the allowances were made.

Decree reversed.