GLADFELTER *v.* GLADFELTER.

4-7090                                                    172 S. W. 2d 246

Opinion delivered June 7, 1943.

*A. R. Cooper,* for appellant.

*L. DeWoody Lyle* and *Sam M. Levine,* for appellee.

HOLT, J. On August 18, 1942, appellee sued appellant for divorce in the Jefferson chancery court.

September 8, 1942, appellant filed answer and cross-complaint denying the material allegations of the complaint and alleging that a decree was entered by an Alabama court in her favor for $27.50 per week "for her son and herself" against the plaintiff (appellee here), "and the plaintiff is a considerable sum in arrears pursuant to said decree," and prayed that appellee's complaint be dismissed "and for judgment for the full amount of such arrears under the said (Alabama) decree against the plaintiff (appellee here)."

October 27, 1942, appellant filed "Amendment to answer and cross-complaint, petition for attorney's fee, alimony and expenses for suit *pendente lite.*" She alleged that appellee was in arrears from January 31, 1942, under the Alabama decree, in the amount of $745, which included allowance of an attorney's fee to an Alabama attorney in the amount of $75. She prayed for the balance due under the Alabama decree and "that the court enter proper orders for the enforcement of the said (Alabama) decree, and a reasonable sum for counsel fees, alimony and expenses for suit *pendente lite.*" The Alabama decree, which appellant pleaded in her answer and cross-complaint, *supra,* filed September 8, 1942, was made an exhibit to and a part of this amendment to appellant's answer and cross-complaint.

On December 16, 1942, appellant filed "Motion for abatement and dismissal." She asked that appellee's suit for divorce be abated till he had paid the balance due under the Alabama decree, which she alleged then amounted to $910.

On the same date, December 16, 1942, appellee filed response to appellant's cross-complaint, interposing a general denial.

January 16, 1943, the trial court heard the cause on the pleadings, and denied appellant's petition for abatement and dismissal of appellee's suit, but granted her prayer for "alimony *pendente lite*," and ordered that she be paid $27.50 per week, beginning January 1, 1943, until further orders of the court. From that decree comes this appeal.

For reversal, appellant first contends that the court erred in refusing to allow, and direct, the weekly payments of alimony *pendente lite* to her, to begin September 8, 1942, when she filed answer to appellee's complaint in the Jefferson chancery court.

We cannot agree with this contention. Section 4388, Pope's Digest, provides: "During the pendency of an action for divorce or alimony, the court may allow the wife maintenance and a reasonable fee for her attorneys, and enforce the payment of the same by orders and executions and proceedings as in cases of contempt." Civil Code, § 460.

This court has uniformly held that a decree allowing suit money and alimony during the pendency of a suit for divorce is a final judgment which is appealable. *Shirley* v. *Shirley,* 79 Ark. 473, 96 S. W. 164; *Glenn* v. *Glenn,* 44 Ark. 46; *Countz* v. *Countz,* 30 Ark. 73. In fact, this appears to be the rule in most jurisdictions. Under the subject "Divorce" the textwriter in 27 C. J. S., § 284, sub-title, "Right to Review," says: "Orders as to alimony, counsel fees, and suit money *pendente lite,* are generally held appealable."

This court has also consistently held that the questions of alimony, and the amount to be allowed to the

wife, during the pendency of a suit for divorce, together with her costs and attorney's fees, are within the sound discretion of the trial court, and unless there has been abuse of this discretion the court's action will not be disturbed here.

In *Plant* v. *Plant,* 63 Ark. 128, 37 S. W. 308, this court held (quoting the headnote) that "The allowance of alimony to a wife during the pendency of a suit by her for divorce, and of her costs and attorney's fees, is within the discretion of the chancellor, under Sand. & H. Digest, § 2512 (now § 4388, Pope's Digest) providing that during the pendency of an action for divorce the court may allow the wife maintenance and a reasonable attorney's fee."

We find no evidence in the record presented here of any abuse of discretion on the part of the trial court.

Appellant next argues that the court erred in refusing to abate appellee's suit until he had complied with the Alabama decree, *supra.*

The Alabama decree was interlocutory, and fixed temporary alimony and maintenance in the amount of $27.50 per week. Under the Alabama laws and the holdings of the Supreme Court of that state, such a decree for temporary alimony is not appealable, and cannot, therefore, be recognized and given by this court that full faith and credit accorded to a final judgment of a court of a sister state and required under § 1, art. 4, of the Constitution of the United States.

In Ex parte *Apperson,* 217 Ala. 176, 115 So. 226, the Supreme Court of that state said: "There is no statute providing for review of an interlocutory decree fixing temporary alimony." See, also, Ex parte *Bragg,* 241 Ala. 214, 2 So. 2d 393.

The textwriter in 34 C. J. 1133, § 1609 (2), announces the rule in this language: "In order that a judgment or decree of one state may be recognized and enforced in a sister state, it is necessary that the judgment shall be final, and not interlocutory, . . ." etc.

·We hold, therefore, that the court did not err in refusing to abate appellee's suit before consideration on its merits.

Finding no error the decree is affirmed.