REIBSTEIN *v.* REIBSTEIN.

4-9839                                                          249 S. W. 2d 847

Opinion delivered June 23, 1952.

*Kenneth C. Coffelt,* for appellant.

*D. D. Panich,* for appellee.

ROBINSON, J. On the 25th day of February, 1952, appellee, David L. Reibstein, filed suit for divorce from appellant, Rosalie T. Reibstein. The complaint alleged desertion as a ground for divorce, and further alleged that on the night of February 19th, appellant had, by trickery, gained entrance to appellee's apartment, obtained the key to his Pontiac automobile, and wrongfully removed the car from the State of Arkansas.

On the same day that the suit was filed, the court issued an order restraining appellant from going about appellee's apartment and ordered that she return the Pontiac car. Later, the court issued an additional order in which it was set out that it had been shown to the court that appellant had failed and refused to vacate the premises as theretofore ordered by the court, and had failed and refused to deliver to the Sheriff of Pulaski County the Pontiac automobile in accordance with the orders of the court, and appellant was ordered to appear and show cause why she should not be punished for contempt for refusal to abide by the court's orders.

On February 26th appellant filed a motion for attornye's fee and court costs. On the 6th day of March, there was a hearing on the motion which was considered also to include a request for temporary maintenance during pendency of the suit, which motion was overruled

by the Court. On March 20th, service being ripe and no answer having been filed, the divorce was granted to appellee.

In failing to file an answer and thereby permitting appellee to take an uncontested decree of divorce, appellant apparently relied on the theory that she was entitled as a matter of law to be allowed an attorney's fee and costs, and that the court could not legally proceed with the trial of the cause until such attorney's fee and court costs had been paid.

Ark. Stats. § 34-1210 provides: "During the pendency of an action for divorce or alimony, the court may allow the wife maintenance and a reasonable fee for her attorneys, . . ." It will be noticed that the Statute says that the court "may" allow fees, maintenance, etc.

In *Gladfelter* v. *Gladfelter,* 205 Ark. 1019, 172 S. W. 2d 246, the court said: "This court has also consistently held that the questions of alimony, and the amount to be allowed to the wife, during the pendency of a suit for divorce, together with her costs and attorney's fees, are within the sound discretion of the trial court, and unless there has been abuse of this discretion the court's action will not be disturbed here."

The trial court did not abuse its discretion in refusing to allow costs, attorney's fees, and maintenance during the pendency of the cause. Appellant had refused to abide by the court's order and it was necessary to cite her for contempt. She testified that she could not return the automobile because she had driven it to Florida and then mortgaged it for $200 to return to Little Rock to resist the divorce action. However, her testimony as to borrowing $200 on the car is not satisfactory. Appellant said that she borrowed the money from an individual, but she did not name the individual.

Appellant has been heretofore allowed an attorney's fee and costs for brief for the appeal to this court.

Affirmed.