Lewis *v.* Lewis.

5-233                                      262 S. W. 2d 456

Opinion delivered December 7, 1953.

Claude F. Cooper and Bruce Ivy, for appellant.

James M. Gardner, for appellee.

MINOR W. MILLWEE, Justice.   During the pendency of a divorce action by appellant against appellee, appellant petitioned the court for alimony *pendente lite,* temporary attorney fees and costs.   On September 17, 1952, the court issued an order directing appellee to pay $250 monthly temporary maintenance to appellant, $500 temporary attorney fees, and $75 temporary court costs. Upon petition of appellant, on November 20, 1952, previous orders were modified to allow appellant $400 monthly for her temporary maintenance effective November 10, 1952.

On December 24, 1952, a final decree was rendered granting appellee a divorce and approving a property settlement made by the parties on November 29, 1952. The property settlement agreement provided that appellee should pay appellant $106,000 and transfer to her certain personal property located in their home in Osceola, Arkansas.   Appellee paid appellant $6,000 when the agreement was executed and the balance, which was payable within 30 days, was paid on or prior to entry of the divorce decree on December 24, 1952.   Under the terms of the agreement, appellant released appellee of all claims

she might have against him by reason of their marital relations. The agreement further provided: "It is mutually understood and agreed by the parties that this agreement is a complete settlement by and between said parties of all claims, that they may have against each other, by reason of their marital relations and owners of property by the entirety and that, upon the complete execution of this contract, all property rights between the parties shall have been determined and settled."

It was stipulated that appellee failed to comply with the terms of the property settlement requiring him to deliver certain personal property to appellant. Appellant petitioned the court for an order requiring appellee to deliver the property and also to pay $400 alimony which, it was alleged, was in arrears. After the filing of the petition, but before it was passed on, appellee did deliver certain of the property sought in appellant's petition. On January 8, 1953, the court made an order finding that it was impossible for appellee to deliver the property, and ordering him to pay its value in the sum of $658.15. In this order, the court also found "that all alimony due this plaintiff has been paid as ordered by the court and/or agreed upon by the said parties in said agreement . . ." This appeal is from the order of January 8, 1953.

Appellant contends that the court's evaluation of the undelivered property was arbitrary, and not in accordance with appellant's own "undisputed" testimony fixing the value at a higher figure. The fact that some of the property was returned between the time of the hearing at which appellant testified as to its value and the time of the order of the court might reasonably account for the lower valuation made by the court. Further, this Court has repeatedly held that the testimony of a party to a suit, or even of one interested in the result of litigation, is not to be treated as undisputed or uncontradicted. *Elliott* v. *Foster*, 216 Ark. 104, 224 S. W. 2d 353; *American Republic Life Insurance Company* v. *Presson*, 216 Ark. 771, 227 S. W. 2d 969. We cannot say that the

court's determination of the value of the unreturned property is against the preponderance of the evidence.

Appellant also insists that the chancellor erred in failing to render judgment in her favor for unpaid temporary alimony accruing from November 20 to December 24, 1952, at the rate of $400 monthly. A careful examination of the record fails to disclose the amount or date of any payments made by appellee for temporary alimony pursuant to the various orders of the court. The total proof on the question was appellant's testimony that she was not paid anything in December. Whether any amount was due and payable at that time is not disclosed. We are committed to the general rule that the entry of a final divorce decree supersedes an order for temporary alimony. See Tracy v. Tracy, 184 Ark. 832, 43 S. W. 2d 539, where we said that temporary alimony is allowed under our statutes (Ark. Stats., §§ 34-1210 and 1213) if necessity exists during the pendency of the divorce proceeding. We have also repeatedly held that the question of the allowance of alimony *pendente lite* is within the sound discretion of the chancellor and unless there has been an abuse of this discretion, his action will not be disturbed on appeal. *Gladfelter* v. *Gladfelter,* 205 Ark. 1019, 172 S. W. 2d 246. In view of the paucity of the proof on the question, we cannot say there was an abuse of discretion in the court's holding that appellee had discharged his obligations as to temporary alimony under the orders of the court and the agreement of the parties.

Affirmed.