KEARNEY *v.* KEARNEY.

5-570                                                    274 S. W. 2d 779

Opinion delivered January 24, 1955

*Rex W. Perkins, Lee Seamster, E. J. Ball,* for appellant.

*Lovell & Evans,* for appellee.

J. SEABORN HOLT, J. James R. Kearney, Jr., then a resident of Missouri, January 18, 1952, sued his wife for divorce in St. Louis County, Mo. In that suit his wife filed a cross-bill for separate maintenance *pendente lite* and she was allowed $475.00 per month alimony and $5,500 attorneys' fees. This allowance was paid by appellant until September 23, 1953. It appears undisputed that he is in arrears for four months (from September, 1953, to January, 1954) under the Missouri decree.

On October 21, 1953, appellant dismissed his suit in Missouri without prejudice, leaving his wife's cross bill undisturbed. Thereafter on November 2, 1953, he sued his wife for divorce in Washington County, Arkansas.

Mrs. Kearney (appellee) filed answer and in a cross complaint prayed for temporary alimony, attorneys' fees and expenses for suit money, *pendente lite.* She also asked that her husband pay to her four months accumulated temporary alimony at $475.00 per month ($1900.00) as provided in the Missouri decree.

A hearing resulted in an order of the Washington Chancery Court on January 23, 1953, granting Mrs. Kearney $926.87 expenses previously paid or obligated by her, $400.00 temporary alimony, $250.00 suit money, $750.00 partial attorneys' fees, and in effect denied her prayer for $1900.00 due her under the Missouri decree.

On direct appeal, appellant argues that the Chancellor "abused his discretion in fixing temporary allowances and alimony in favor of Mrs. Kearney pending final determination of the action for divorce brought by the husband." More specifically, he contends that the trial court erred in refusing to require Mrs. Kearney to

sign her husband's 1951, 1952 and 1953 Federal Income Tax Returns, which he alleged would have resulted in a savings of $1900.00 for those years.

On cross appeal, Mrs. Kearney contends that the court's allowances were not generous enough and that the court erred in refusing to allow her for four monthly payments of temporary alimony, under the Missouri decree.

We have consistently held, through a long line of cases, that the question of alimony (under the provisions of § 34-1210, Ark. Stats. 1947), and the amount to be allowed to the wife pending the suit for divorce, together with her costs for attorneys' fees and suit money, are within the sound discretion of the court, and unless abused, the court's action will not be disturbed here.

In *Jelks* v. *Jelks*, 207 Ark. 475, 181 S. W. 2d 235, we said: "Inasmuch as appellant is the moving party here and has filed suit for divorce against his wife, temporary alimony may be awarded during its pendency and will be payable until the court below orders otherwise, and appellee would, under these circumstances, be entitled to the allowances without show of merit on her part. This court so held in *Slocum* v. *Slocum*, 86 Ark. 469, 111 S. W. 806 (quoting the headnote), 'While, in a suit for divorce brought by a wife, she must make a showing of merit before the court will make her an allowance of temporary alimony and suit money, the court does not require such showing where the husband sues the wife, or brings a cross-bill, asking a divorce in a suit instituted by her.' " See also *Gladfelter* v. *Gladfelter*, 205 Ark. 1019, 172 S. W. 2d 246.

It appears that the husband has large holdings and a gross income of approximately $50,000.00 per year.

We think the court was warranted in the allowances made, considering appellant's ability and duty, to pay commensurate with his wife's needs, and their station in life. We find no abuse of discretion by the court.

On Mr. Kearney's claim that the court erred in refusing to direct his wife to sign his income tax returns, we leave for the trial court's further consideration when the case is heard on its merits.

It suffices to say that when, as here, the wife is sued for divorce, the court correctly allowed appellee alimony, attorneys' fees, suit money, *pendente lite,* etc., to which she was entitled, even without show of merit on her part.

We hold that Mrs. Kearney's contention that she was entitled to a decree on her cross appeal for $1900.00 against appellant for the four months temporary alimony allowance under the Missouri decree is correct and should have been granted by the Washington Chancery court.

A properly certified and authenticated copy of all proceedings, and the decree, in the Missouri court were introduced and made a part of the record. The Missouri decree for temporary alimony, attorneys' fees, etc., *pendente lite* was a final order from which an appeal would lie.

In *State ex rel, Gercke v. Seddon, Judge,* 93 Mo. 520, 6 S. W. 342, the Supreme Court of Missouri held: (Headnote 2). "An order making an allowance for alimony, *pendente lite,* is a final one, from which an appeal will lie."

In these circumstances, it becomes our duty, therefore, to recognize and give to this Missouri decree, that full faith and credit accorded to a final judgment of a Sister State, required under Art. 4, § 1 of the Constitution of the United States. Such was the effect of our holding in *Gladfelter v. Gladfelter,* 205 Ark. 1019, 172 S. W. 2d 246.

We therefore affirm the decree on direct appeal and reverse and remand on appellee's cross appeal for further proceedings consistent with this opinion.

Justice ED. F. McFADDIN dissents as to reversal on cross appeal.

Ed. F. McFaddin, Justice, dissenting. My dissent goes to the reversal on the cross-appeal of Mrs. Kearney.

Here is the situation. Mr. Kearney filed suit for divorce in Washington County, Arkansas, on November 2, 1953. Mrs. Kearney filed her resistance on January 7, 1954, in which she asked for alimony, suit money, and attorney's fees. In a subsequent pleading, filed January 22, 1954, Mrs. Kearney stated that Mr. Kearney was in arrears $1,900.00 — being four monthly payments of $475.00 each, covering the period from September, 1953, to January, 1954 — on an order for temporary alimony made by a Missouri court. On January 23, 1954, the Washington Chancery Court heard Mrs. Kearney's request for the temporary alimony, etc., and ordered Mr. Kearney to pay Mrs. Kearney *pendente lite*: (a) alimony at $400.00 per month beginning that day; (b) $926.87 suit money already expended; (c) $250.00 suit money to be expended; and (d) $750.00 for partial attorney's fee. But the Washington Chancery Court did *not* order Mr. Kearney on the *pendente lite* hearing on January 23, 1954, to pay the $1,900.00 back alimony that had accrued under the *pendente lite* order of the Missouri court.

Now the majority of the Arkansas Supreme Court is holding that the Chancellor committed reversible error in the *pendente lite* hearing of January 23, 1954, in refusing to order Mr. Kearney to pay the $1,900.00 back alimony that had accrued under the Missouri *pendente lite* order. I dissent on this point.

We have repeatedly held that the allowance or disallowance of alimony *pendente lite* is in the sound discretion of the Chancellor, and that we will not reverse the Chancellor on such *pendente lite* matters unless there is an abuse of discretion. In *Gladfelter* v. *Gladfelter,* 205 Ark. 1019, 172 S. W. 2d 246—a case cited and relied on by the majority—we said:

"This court has also consistently held that the questions of alimony, and the amount to be allowed to the wife, during the pendency of a suit for divorce, together with her costs and attorney's fees, are within the sound

discretion of the trial court, and unless there has been abuse of this discretion the court's action will not be disturbed here.''

In the later case of *Lewis* v. *Lewis*, 222 Ark. 743, 262 S. W. 2d 456, we said:

''We have also repeatedly held that the question of the allowance of alimony *pendente lite* is within the sound discretion of the Chancellor, and unless there has been an abuse of this discretion his action will not be disturbed on appeal.''

Tested by the foregoing holdings, I cannot see any abuse of discretion by the Chancellor in refusing—in this *pendente lite* proceeding—to enforce a *pendente lite* order of a Missouri court. The Chancellor might well have decided to wait until final hearing in this case to award judgment on the Missouri alimony order. But the majority is now saying that the Chancellor abused his discretion because in a *pendente lite* hearing he did not enforce a *pendente lite* order from Missouri. It is certainly ''new law'' to hold that in advance of a hearing on the merits, the Chancery Court must enforce a *pendente lite* order for alimony from another State just because such order could have been appealed in the State in which it was rendered.

I submit that the Chancery Court still has some discretion in *pendente lite* hearings: but the majority seems to hold otherwise. The majority cites the Gladfelter case as authority for reversing the Chancellor, because in the Gladfelter case the award for alimony had been rendered in Alabama, in which State a *pendente lite* order is not appealable. But just because the *pendente lite* order in Missouri was appealable, is no reason why the Chancellor of Washington County, Arkansas, had to enforce the order in a *pendente lite* hearing in this State. I submit that the Chancellor correctly and wisely exercised his discretion in delaying until final hearing the question of enforcing the Missouri order.

Therefore, I dissent from the majority holding in regard to the cross-appeal.