COWAN *v.* LEWIS.

5-602                                                    275 S. W. 2d 637

Opinion delivered February 21, 1955.

*John H. Bradley* and *Gene Bradley,* for appellant.

*James M. Gardner,* for appellee.

MINOR W. MILLWEE, Justice. The parties involved here were husband and wife in May, 1952, when appellant sued appellee for a divorce and property settlement in the Mississippi Chancery Court. In her amended complaint she alleged that she was entitled to judgment against appellee for $20,000.00 which she had loaned him in 1949 shortly after their marriage. In November, 1952, the parties entered into a property settlement which pro-

vided that appellee should pay appellant $106,000.00 and transfer to her certain personal property in full settlement of all claims and all property rights existing between them. This property settlement agreement was approved by the chancery court in a decree entered December 24, 1952, which provided that performance of said agreement would, "constitute a full and complete settlement of any and all property rights between plaintiff and defendant, by reason of their marital rights, and that same will constitute a full and complete settlement of any claims that the plaintiff has against the defendant, growing out of their marital relations."

After appellee made the cash payment stipulated in the aforesaid property agreement a dispute arose over several items of the personal property involved therein. This resulted in a further hearing and the entry of an order by the chancery court on January 8, 1953, in which appellee was directed to pay $658.15 in lieu of the disputed items and the court found that all claims existing between the parties had been settled and adjudicated. This order was affirmed by this court on appeal in *Lewis* v. *Lewis*, 222 Ark. 743, 262 S. W. 2d 456.

On January 18, 1954, appellant filed the instant action against appellee in circuit court alleging that he still owed her $12,000.00 and interest on the 1949 loan of $20,000.00, for which she prayed Judgment. This appeal is from an order of the circuit court sustaining appellee's motion to dismiss the complaint because the cause of action alleged therein was barred by the various orders of the chancery court under the doctrine of *res judicata*. The pleadings and orders involved in the 1952 divorce suit were attached as exhibits to the motion to dismiss.

The record discloses without question that the instant action is between the same parties and involves the same action for money loaned as contained in the 1952 divorce suit. This cause of action for money loaned was clearly an issue which was fully settled in that suit. We have repeatedly held that all issues that are determined, or that could be determined, in a suit are *res judicata* in

a subsequent suit between the same parties. See *Mc-Daniel* v. *Richards*, 141 Ark. 453, 217 S. W. 478, and other cases cited in West's Arkansas Digest, Judgments, § 713.

Affirmed.