THOMAS DANIEL LIVINGSTON SR. *v.*
GOLDIE B. LIVINGSTON

5-5142                                    449 S. W. 2d 396

Opinion delivered February 2, 1970

1. EVIDENCE—TESTIMONY OF INTERESTED PARTY—REVIEW.—Testimony
of a litigant or of a party interested in the result of the litiga-
tion is not treated as uncontradicted or undisputed.
2. DIVORCE—AWARD OF TEMPORARY ALIMONY—DISCRETION OF TRIAL

COURT, ABUSE OF.—It was within the chancellor's sound discretion to award temporary alimony to appellee based on her needs, as well as attorney's fees, and the award would not be disturbed on appeal where no abuse of discretion was shown.

3. DIVORCE—CHANGE OF CIRCUMSTANCES AS GROUND FOR SUSPENSION OF PAYMENTS—WEIGHT & SUFFICIENCY OF EVIDENCE.—Evidence failed to sustain appellant's contention that a change of circumstances since the 1968 order warranted the suspension of payments to appellee and her attorney.

4. DIVORCE—TEMPORARY AWARD OF AUTOMOBILE—RIGHTS OF PARTIES. —As between the parties no error was found in chancellor having awarded the wife the use and benefit of the corporation's automobile during the pendency of the action since lien holder could intervene and assert its rights at anytime.

Appeal from Pulaski Chancery Court, Third Division, *Kay L. Matthews,* Chancellor; affirmed.

*Stubblefield & Matthews,* for appellant.

*Martin, Dodds, Kidd, Hendricks & Ryan,* for appellee.

FRANK HOLT, Justice. This appeal results from the chancellor's order requiring the appellant to pay his wife, the appellee, $100 per week temporary alimony and provide other benefits during the pendency of a divorce action. Appellant first urges for reversal that he has no income or property and is unable to pay any alimony at this time. We cannot agree.

In November 1967, after approximately 18 years of marriage, appellee instituted an action against appellant for separate maintenance alleging, inter alia, "that he kept company with other women." It appears this action was dormant until October 1968 when appellee amended her complaint, asked for a divorce and asserted that appellant and appellee "through their joint efforts own an automobile business, together with other properties and interests and that the plaintiff [appellee] is unemployed and unable to support herself, and that she should be awarded alimony, her interest in and to all properties owned by the parties." Upon a hear-

ing in December 1968, the chancellor ordered, inter alia, that the appellant pay to the appellee $100 per week temporary maintenance and awarded her the use of an automobile. About six months later, or in July 1969, the appellant filed a motion asserting that his only source of income was derived from Dan Livingston Auto Sales, Inc. and that because of conditions beyond his control earlier in this same month the corporation had been forced to go out of business which prevented him from receiving any salary from the corporation, that he was endeavoring to secure employment as an automobile salesman and that he had no funds or assets with which to pay any maintenance to the appellee.

According to appellant and his regular accountant, a financial statement of appellant's corporation reflected the corporation's current liabilities exceeded the assets by approximately $19,000 on the day before the hearing. The accountant testified that he made the financial statement from the regular books and records kept by appellant and his bookkeeper. It was not an independently certified statement. According to the accountant, ordinarily the assets and liabilities of any business change every day. Appellant testified that he had put into the corporation all of his cash assets and also $5,000 he had borrowed from a bank; that he had no personal assets whatsoever and he felt personally responsible for paying the outstanding bills owed by his corporation. According to the financial statement, appellant's corporation has approximately $27,000 in a dealer's reserve account held by a local bank to secure the payment of approximately $460,000 which represents the installment contracts purchased by the bank with recourse. No part of this reserve, however, can be withdrawn by the appellant for three years. The potential loss on these installment contracts is estimated at $20,-000 on the financial statement. However, a bank official said it was conceivable that most of this reserve might be returned. The appellant testified that he had an offer of employment, beginning the next day, with one of the

largest local automobile dealers which will yield an estimated income of $400 per month. His personal indebtedness is $131 he owes on interest for late payment on his and appellee's joint federal and state income taxes totaling $1,299.17. It is admitted that appellant's bookkeeper and her two children, ages 9 and 11, are living in the same house with appellant. There was evidence that appellant and his bookkeeper were often observed together on weekends at a nearby local lake resort. Appellant claims his 19-year-old son lives with him and is dependent upon him. There was testimony, however that his son was married on the date of the hearing. Appellant's position is that he was having to liquidate his business because the prime interest rate had increased to such an extent that the bank would no longer finance his installment sales contracts. Although a bank official testified with reference to the dealer's reserve account, there was no evidence elicited that the bank had refused to continue lending money to the appellant's corporation. We have often said that the testimony of a litigant or of a party interested in the result of the litigation is not treated as uncontradicted or undisputed. *Lewis* v. *Lewis,* 222 Ark. 743, 262 S. W. 2d 456 (1953).

The appellant next asserts that the appellee wife is not in need of support from him at this time. During the pendency of this action it appears that the parties sold their house and each received $5,000.00. At the time of the hearing appellee had depleted her share to $3,800.00. On the date of the trial appellant paid her $600 for arrearage. Appellant argues that the award of temporary alimony is based upon the existence of necessity during the pendency of a divorce proceeding. *Tracy* v. *Tracy,* 184 Ark. 832, 43 S. W. 2d 539 (1931).

Appellee is 43 years of age with an eighth-grade education. During their separation she had tried to work and after a month she was unable to continue working because of her health. She has an arrested case of tuberculosis. She is under the care and treatment of doctors

for nervousness and extreme exhaustion. There was evidence from her doctor that she was unable to work at the time of the hearing. The appellant admitted that he had spent more than $100 per week on appellee before their separation. In these circumstances we cannot agree with appellant that the chancellor abused his discretion in awarding temporary alimony based upon appellee's needs. It is well settled that it is within the sound discretion of the chancellor to award temporary alimony, costs and attorney's fees and the award will not be disturbed on appeal unless there is abuse of discretion. *Gladfelter* v. *Gladfelter,* 205 Ark. 1019, 172 S. W. 2d 246 (1943).

The appellant also contends that the change of circumstances since the December 1968 order warrants the suspension of payments to appellee and $100 to her attorney. The appellant reviews the evidence which we have previously discussed. We find no abuse of discretion by the chancellor and, therefore, no merit in this contention.

The appellant next asserts that his wife is not entitled to the use of the corporation's automobile as was ordered by the chancellor. It appears a local bank holds a delinquent lien on this car. In the circumstances it is for the bank to assert its rights. As between the parties we find no error in the court awarding appellee the use and benefit of the automobile for the purpose of providing her with adequate transportation during the pendency of this divorce action.

Affirmed.