Rhonda K. Wood, Justice, concurring in part and dissenting in part. I join the majority’s decision to affirm the circuit court’s award of attorney’s fees. However, I depart from the majority regarding the alimony award. The circuit court failed to apply, the rehabilitative-:alimony statute’s plain language. I would accordingly reverse and remand the alimony award. For these reasons, I concur in part and dissent in part. This appeal involves the alimony statute. The controlling language provides that “[a]limony may be awarded under proper circumstances concerning rehabilitation to either party in fixed installments for a specified period of time.” Ark. Code Ann. § 9—12—312(b)(1) (Repl. 2015) (emphasis added). This provision was amended in 2013. One of the significant changes was the addition of the phrase “concerning re-habitation” to this subsection. See 2013 Ark. Acts 1487. This appeal now requires us to interpret the meaning of “concerning rehabilitation” for the first time. The basic rule of statutory construction is to give effect to the intent of the legislature. Moore v. Moore, 2016 Ark. 105, 486 S.W.3d 766. We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. Id. Where the language of a statute is plain and unambiguous, we determine legislative intent from the meaning of the language used. Id. Rehabilitative alimony was discussed by the court of appeals in Bolan v. Bolan, 32 Ark. App. 65, 796 S.W.2d 358 (1990). The court defined rehabilitative alimony as “alimony payable for a short, but specific and terminable period of time, which will cease when the recipient is, in the exercise of reasonable efforts, in a position of self support.” Id. at 67 n.1, 796 S.W.2d at 360 n.1. Rehabilitative alimony is also defined as “[ajlimony found necessary to assist a divorced person in acquiring the education or training required to find employment outside the home or to reenter the labor force.” Black’s Law Dictionary, 89 (10th ed. 2014). These definitions indicate that rehabilitative alimony should address, or “concern,” a divorced person’s needs and requirements to join the workforce and achieve financial autonomy. The circuit court’s award in this case fails to comply with the newly amended alimony statute. Most, if not all, of the court’s alimony award has nothing to do with rehabilitation. The prominent failure is the circuit court’s decision to award Leah Foster $4500 for the first three years following the divorce. In making this award, the court stated that “[t]his amount of alimony combined with the child support she will receive will give her adequate monthly income to sustain her over the next three years, regardless of how much [gnshe is able to gemrate as a realtor or in another job.” (Emphasis added.) This portion of the award fails to “concern rehabilitation” in any significant way. Leah will have no incentive during this period to obtain a job or to further her career as a real-estate agent. If anything, this award is a disincentive to self-support because Leah’s monthly expenses—$6600—will be fully covered once a $2300 monthly child-support payment is added in. She also did not testify that she planned to use any of this money to fund education or training necessary to start a new career; nor did the court require such. Cf. Myrick v. Myrick, 339 Ark. 1, 2 S.W.2d 60 (1999) (affirming an award of temporary rehabilitative alimony that required the husband to pay the wife’s tuition for five years). The circuit court also improperly tied its decision regarding the amount of alimony to the children’s ages and Leah’s ability to care for them. The court even ends the alimony once the children pass through their formative years. These factors are irrelevant to the amount necessary to assist Leah in obtaining training, education, or advancement in employment. It appears that the court has conflated the factors for child support, permanent alimony, and property distribution with the single, narrow factor for statutory rehabilitative alimony. And I find it impossible that the legislature intended to draw only a temporal distinction between rehabilitative alimony and permanent alimony. In other words, the only difference between the two cannot be that one ends and the other does not. This distinction preceded the 2013 amendment,[1] and so the newly added phrase “concerning rehabilitation” 121must mean something more. In my view, rehabilitative alimony must, at all times, promote self-support. It cannot be used to “sustain” a former standard of living, which is the role of permanent alimony. See Taylor v. Taylor, 369 Ark. 31, 34, 250 S.W.3d 232, 235 (2007). The circuit court thus erred when it based the rehabilitative-alimony award upon this concern. I recognize that a circuit court’s decision to award alimony is subject to an abuse of discretion standard of review. Kuchmas v. Kuchmas, 368 Ark. 43, 45, 243 S.W.3d 270, 271 (2006). But an erroneous or incorrect application of a law can constitute an abuse of discretion. See Ford Motor Co. v. Nuckolls, 320 Ark. 15, 894 S.W.2d 897 (1995). Under the 2013 amendment, alimony that has been awarded for a fixed period of time must “concern rehabilitation.” The alimony award here does not. The court therefore abused its discretion, and I would reverse and remand on this point.[2] Danielson, J., joins. . During the pendency of an action for divorce, the circuit court may award funds for maintenance. See Ark. Code Ann. § 9-12-309(a)(l)(A)(i), This temporary support is often referred to as "temporary alimony.” See, e.g., Bennett v. Bennett, 2016 Ark. App. 308, 496 S.W.3d 409; Webb v. Webb, 2014 Ark. App. 697, 450 S.W.3d 265; see also Lewis v. Lewis, 222 Ark. 743, 262 S.W.2d 456 (1953) (noting that the allowance of alimony penden-te lite was within the sound discretion of the chancellor). . Had the majority decided to remand, I would have also instructed the court to consider whether ten years is "short” as discussed by Bolán, supra.