# Norton *v.* McNutt.

Decided October 31, 1891.

1. *Execution—Interplea—Burden of proof.*
   In a contest between an execution plaintiff and an interpleader, as to the· ownership of property seized under execution, the court may direct that· the latter assume the burden of proof.   (Mansf. Dig., sec. 3045.)

2. *Possession—Presumption.*
   While possession of property wholly unexplained raises a presumption of˜ ownership, no such presumption arises where the circumstances of the· possession are fully disclosed.

3. *Gift—Fraud.*
   That a gift is binding on the donor will not preclude his creditors from at-- tacking it for fraud.

4. *Practice—Further instructions.*
   Where the jury has received all instructions necessary to aid it in reaching a conclusion, and has retired, the court may refuse to recall it in order to· give further instructions.

5. *Gift—Presumption of fraud.*
   Every gift is presumptively fraudulent as to existing creditors; the burden is on the donee to show that the donor's intentions were innocent, and˃ that he had abundant means left to pay his debts.

APPEAL from *Clark* Circuit Court.

RUFUS D. HEARN, Judge.

McNutt & Young, partners in the banking business under the style of the Elk Horn Bank, in May, 1889, obtained judgment against P. H. Norton, and in July, 1889, procured execution to be levied upon two mules described as a bay and a dun mule. Eugene Norton intervened and claimed the property, and gave bond for its retention. Plaintiffs moved the court for judgment on the bond, as provided by section 3045 of Mansfield's Digest. A jury was impaneled to try the right of property. The court ruled that the burden of proof in the whole case was upon the interpleader, to which he excepted.

P. H. Norton, for the interpleader, testified : " I am the father of intervenor, Eugene Norton. He was 21 years old in May, 1888. He has always lived with me. A year or more before he became of age, I agreed to give him the dun mule in controversy, if he would stay at home when he became of age. I gave him the mule. Since then he has controlled said mule as he desired. The bay or ' Pete,' mule I sold to him in the early part of the fall of 1888, for his third interest in the toll cotton to be ginned during the season of 1888–9, at the gin owned jointly by interpleader, my son Jeff and myself. The toll for that season was eight or ten bales. Several years ago I gave interpleader a sow pig to encourage him to stay with me and accumulate property. In 1887–8, he had seventeen pork hogs, raised from that sow. I gave him a third interest in the gin for the hogs. He has owned and controlled the bay, or ' Pete,' mule since I sold it to him. I have no interest in either of the mules. The debt on which judgment was recovered against me was contracted about January, 1888. I was sued and judgment recovered against me in 1889. The execution which was levied on the property in controversy was issued in July, 1888." There was no other evidence.

The following instructions were asked by the interpleader

(1.) If the jury find from the evidence that the interpleader was in possession and in control of the property in dispute in this action at the time of the levy, such possession is *prima facie* evidence of ownership by the said interpleader, unless rebutted by the plaintiffs by other evidence.

(2.) The jury are instructed that P. H. Norton had a right to give the property in controversy in this action to his son, Eugene Norton, and in this case, if he did make a gift of any part of the property in controversy in this action, before the issue against him in this case of the execution, they will find for the interpleader, unless they find that the gift was made with the fraudulent intent to hinder, delay, or defraud the creditors of P. H. Norton.

(3.) If the jury believe from the evidence that the mules, at the time of the issuance of the execution, and of the levy by the sheriff on them, were the property of Eugene Norton, the interpleader, and that P. H. Norton had no interest in or claim of ownership to them, they may find for the interpleader.

(4.) Fraud is never presumed, but must in every case be proven by a preponderance of evidence to the satisfaction of the jury, and where an act may be construed either as being in good faith or fraudulent, the law presumes the good faith of the actor, in the absence of proof of a fraudulent intent, either by circumstantial or direct evidence.

The court modified the second instruction asked by interpleader by striking out the words " *before the issue against him in this case of the execution,*" gave the fourth instruction asked, and refused to give the first and third. At plaintiffs' instance the court gave the following instructions :

(1.) The court instructs the jury that if they find from the evidence that P. H. Norton gave Eugene Norton the dun mule in controversy, after the execution of the note upon which the judgment was rendered, they will find for McNutt & Young as to the dun mule, provided the gift was made to defraud, hinder or delay P. H. Norton's creditors.

(2.) If the jury believe from the evidence that the pre-

tended purchase of the bay or Pete mule was in fact a gift of said mule by P. H. Norton to Eugene Norton, they will find for McNutt & Young as to the bay or Pete mule, provided they find that the same was given to defraud, hinder or delay P. H. Norton's creditors.

(3.) If the jury believe from the evidence that the mules in controversy were given or conveyed by P. H. Norton to Eugene Norton for the purpose of hindering or defrauding his creditors, they will find for McNutt & Young as to both mules.

After the jury had retired and had returned into court and announced that they could not agree, interpleader asked that the following additional instruction be given :

A parent may, if not insolvent, in good faith without having a purpose to defraud his creditors, sell or even give his property to his child, and in this case, if the jury believe from the evidence that P. H. Norton conveyed to the interpleader the property in question, by sale or gift in good faith, having at the time no purpose in his heart to defraud, they will find for the interpleader.

The court refused to give the instruction. The jury found for the plaintiffs as to the bay mule, and for interpleader as to the dun mule, and judgment was rendered accordingly. Interpleader has appealed.

*J. H. Crawford* for appellants.

1.  The burden of proof is upon the execution creditor, and not upon the interpleader.  50 Ark., 47 ; 1 Greenl. Ev., sec. 74.

2.  The possession of personal property unexplained raises a presumption of ownership.  1 Thomp. on Trials, sec. 1407.

3.  There was no proof of the insolvency of the execution debtor.  To avoid a sale or executed gift, the creditor must show fraud, and no transfer could be fraudulent as to creditors so long as the debtor was solvent at the time of the transfer.  9 S. W. Rep., 87 ; 71 Texas, 34 ; 74 Iowa, 670 ; 30 Kan., 125 ; 50 Ark., 42 ; 51 *id.*, 390.

*Murry & Kinsworthy* for appellee.

1. This case was tried upon the interplea of appellant, who is really the plaintiff, and the burden was on him. Mansf. Dig., secs. 3042–5 ; 1 Greenl. Ev., sec. 74.

2. Review the instructions, and cite, as sustaining the court's ruling thereon, 37 Ark., 108; *ib.*, 67 ; 35 *id.*, 598 ; 34 *id.*, 650 ; 28 *id.*, 9. No one who owes a debt, although he may own more property than would be required to pay the same, has a right to give away any part of it without retaining sufficient to pay all debts.

HEMINGWAY, J. In a contest, as to the ownership of property seized under an execution, between an execution plaintiff and an interpleader, the statute provides that the trial court shall direct which party shall be considered plaintiff in the issue, and a direction that the interpleader should assume the burden of proof is not improper. Mansf. Dig., sec. 3045 ; *State* v. *Spikes*, 33 Ark., 801 ; Waples, Att., p. 481.  [1. Burden of proof.]

Possession of property wholly unexplained is usually presumptive of ownership, but a declaration of this principle would have been misleading and improper in this case where the circumstances were fully disclosed. That the property once belonged to the execution defendant, and that it had been transferred by him to the interpleader before the levy, were conceded facts ; the only issue was as to the character of the transfer, whether fraudulent or *bona fide ;* and as to this, possession raised no presumptions. 1 Greenleaf, Ev., sec. 34, note ; *Rawley* v. *Brown,* 71 N. Y., 85.  [2. Presumption from possession.]

The interpleader asked an instruction, in substance, that if his father, with no intent to hinder or delay his creditors, before the issue of the execution in this cause, gave him the property, the gift was valid ; and the court gave it by striking out the clause " before the issue of execution in this cause." The modification could not have prejudiced the interpleader. The third instruction asked was properly refused. Although the transfer was fraudulent as to the plaintiff, it was valid as between the parties, and the fact that  [3. When gift fraudulent.]

the execution defendant had no claim of ownership did not exclude the claim of the plaintiff, who was at liberty to attack for fraud a transfer binding on the defendant.

**4. Practice as to further instructions.**  We cannot say that the court abused its discretion in refusing to give further instructions to the jury after it retired to consider of its verdict. There was but one issue, and as to it the jury had received all the instructions necessary to aid it in reaching a conclusion. To recall it for further instruction, was more than the rights of the parties or the ends of justice seem to have demanded.

The instructions given on part of the plaintiff did no more than announce, in somewhat varied form, that if the defendant transferred the property to the interpleader with intent to defraud, hinder or delay his creditors, the verdict should be for plaintiff. We see no error in this regard.

**5 Gifts presumed fraudulent when.**  It is insisted that the verdict is without evidence to support it, in this, that there is no proof of the defendant's insolvency at the time of the gift. Every gift of property by one indebted is presumptively fraudulent as to existing creditors; and upon proof of the gift the burden is cast upon those asserting it to show that the donor's intentions were innocent, and that he had abundant means left to pay all his debts. Wait, Fraudulent Conv., secs. 93-4-5. Bump, Fraudulent Conv., 276; *Pratt* v. *Curtis*, 2 Lowell, 90. The plaintiff was a creditor prior to the asserted transfer of the mule, and the jury was warranted in finding that it was made without any valuable consideration. In that case it was presumptively fraudulent; and as there is no evidence that the donor retained sufficient property to satisfy his creditors, the presumption becomes conclusive. *Driggs* v. *Norwood*, 50 Ark., 42.

Finding the verdict sustained by the evidence, and having discovered no error in the record to the appellant's prejudice, the judgment will be affirmed.