WINTER *v*. FLY & HOBSON COMPANY.

Opinion delivered January 25, 1926.

1. JUSTICE OF THE PEACE—JURISDICTIONAL AMOUNT.—A judgment in a justice's court for an amount exceeding $1,000 was not void where it was based upon several promissory notes, none of which exceeded $100 in amount.

2. EXECUTION—INTERVENTION—EVIDENCE.—Evidence *held* to sustain a finding that property levied upon as that of the execution defendant belonged to him, and not to his wife, who intervened claiming it.

Appeal from St. Francis Circuit Court; *E. D. Robertson,* Judge; affirmed.

*Norfleet & Norfleet,* for appellant.

*C. W. Norton,* for appellee.

McCULLOCH, C. J. Appellee obtained a judgment before a justice of the peace in St. Francis County against W. A. Winter for the recovery of money due on promissory notes, and, upon the return of the execution indorsed *nulla bona* by the officer, the transcript of the judgment was filed in the office of the clerk of the circuit court, whence another execution was issued, and levied on an automobile found by the officer in the garage at the dwelling occupied by Winter and his wife, the appellant, Viola Winter. Mrs. Winter made claim to the automobile and executed a bond pursuant to the statute (Crawford & Moses' Digest, § 4311), conditioned that, if it be adjudged that the property is subject to execution, she would pay to the plaintiff in execution the value thereof with interest, etc. The bond was by the officer returned with the execution, and at the next term of the court appellee moved for judgment against appellant, Mrs. Win-

ter and her sureties, for the value of the automobile taken under execution and released under the bond. Crawford & Moses' Digest, § 4314; *Norton* v. *McNutt*, 55 Ark. 59. There was a trial of the issues before a jury, which resulted in a verdict in favor of appellee for the sum of $750, found to be the value of the automobile.

The amount of the judgment recovered by appellee against W. A. Winter was $1,078.44, and it is first contended that the judgment and the execution issued thereon were void for the reason that the sum recovered was beyond the jurisdiction of the justice of the peace. It appears from the record that while the gross amount recovered is beyond the jurisdiction of a justice of the peace, it was composed of separate counts on promissory notes not exceeding $100 each, and the justice of the peace therefore had jurisdiction. *Brooks* v. *Hornberger,* 78 Ark. 595.

It is next contended that the evidence is not legally sufficient to sustain the verdict of the jury. The sole issue in the trial of the case was whether or not the property belonged to W. A. Winter, the defendant in execution, as contended by appellee, or whether it was the property of his wife, Viola Winter. This issue was properly submitted to the jury, and we are of the opinion that the evidence was at least sufficient to sustain the verdict. It appears from the evidence that the automobile was purchased by W. A. Winter from a dealer in Memphis, and that he traded, in part payment, a car which, he testified, belonged to his wife. She did not testify in the case. The car was purchased, however, in the name of W. A. Winter, and was insured by his consent, in his name, and the Arkansas license was obtained in his name. There was evidence also to the effect that the automobile was assessed for taxation in the name of W. A. Winter and not in the name of Mrs. Winter, who carried an assessment on the taxbooks, but not on the automobile. The cash payment was made by a check on an account in a Forrest City bank, carried in the name

of Mrs. Winter, but there was proof to the effect that this account was used jointly by W. A. Winter and his wife. Considering all these facts and circumstances, we are unable to say that the jury could not reasonably draw the inference that the car was the property of W. A. Winter.

The judgment is therefore affirmed.