JAMES ROBERT McCOLLUM *v.* JONES TRUCK
LINES, INC., ET AL

5-4571                                          427 S. W. 2d 18

Opinion delivered April 29, 1968

*Shelby R. Blackmon,* for appellant.

*Wright, Lindsey & Jennings* and *Philip S. Anderson, Jr.,* for appellees.

CONLEY BYRD, Justice. Workmen's Compensation claimant James Robert McCollum appeals from a circuit court order upholding the Commission's finding against him.

Appellant had been employed by appellee Jones Truck Lines since 1962, first loading and unloading trucks, then driving bob trucks, and during the latter three years or more driving trailer trucks. About one in five of the trailer trucks was refrigerated and appellant averaged driving three refrigerator trucks a week. Appellant has a long medical history with various Little Rock orthopedists. His present orthopedist, Dr. Richard Logue, testified that appellant had been a patient since a toe injury in 1959. His medical history reflects

that in 1953 torn cartilage was removed from his left knee and in 1957 from his right knee. Dr. Logue had treated appellant's right knee "numerous times" for chronic swelling. This claim relates to appellant's left knee.

On September 2, 1966, appellant, suffering from a swelling knee, left work early. After rest didn't help, appellant went to St. Vincent's emergency room where he saw Dr. Logue early September 3. Dr. Logue was surprised to find appellant had a "hugely swollen hot left knee," and subsequently diagnosed it as a staphylococcus infection in the knee, apparently from staph within appellant's own body.

After hearing, the referee found that "the duties of claimant's employment aggravated a pre-existing condition. . . . which aggravation of a pre-existing condition is an accidental injury within the meaning of the Arkansas Workmen's Compensation Act." The majority of the full Commission found that there was no "convincing or substantial medical evidence that the staphylococcus infection in claimant's left knee resulted from his employment either as an accidental injury or as an occupational disease" and denied his claim, which denial was affirmed by the Circuit court.

The gist of appellant's argument is that working in and out of the cold in refrigerated trailer trucks had aggravated his knee; that he had complained about being assigned so many refrigerated trucks; and that the cold air hurt his knees and apparently caused the staph to lodge in that knee. The deposition of Dr. Logue introduced before the full Commission does not substantiate appellant's claim of aggravation of a pre-existing injury. Dr. Logue pretty well summarized his own testimony as follows:

"I do not know whether the swelling was caused by the staph infection or whether the staph infection

lodged in his knee because there was a swelling that was there as a result of aggravation, work and lifting. I certainly do not know without equivocation." Appellant's brief states the point concisely:

"The point here is whether that pre-existing condition of claimant's was aggravated by the employment. There is no issue here of occupational disease. . . . The real and only issue here is the 'aggravation of a pre-existing condition,' whatever the cause of the pre-existing condition."

On appeal from circuit court, the point here is whether the judgment of the Commission is supported by substantial evidence. During oral arguments, the parties admitted that the matter here is purely a fact question. It is apparent that the credibility of appellant's testimony about his complaints and the detrimental effects of working in and around refrigerated trucks during the preceding three years was undermined by his record of bidding each year to drive trailer trucks, when he could have bid for non-refrigerated bob trucks without loss of pay. (Appellee's employees bid each February for the shift and type of truck they will drive from March to March.)

". . . (I)t is not our province to decide contested issues of fact in compensation cases, . . . it is the responsibility of the Commission to draw inferences when the testimony is open to more than a single interpretation, and . . the Commission's findings have the force of a jury verdict. These principles demand that the Commission's decision in the case at hand be upheld." *Bradley County* v. *Adams*, 243 Ark. 487, 420 S. W. 2d 900 (1967).

Affirmed.

JONES, J., not participating.