John VELDER d/b/a LIBERTY TRACTOR *v.*
CROWN EXPLORATION COMPANY,
CROWN REALTY COMPANY, Miles KING
and John M. DUE

CA 83-95                                         663 S.W.2d 205

Court of Appeals of Arkansas
Division I
Opinion delivered January 25, 1984

*David L. Gibbons,* for appellant.

No response by appellees.

GEORGE K. CRACRAFT, Judge. The appellees obtained a judgment in an amount in excess of $100,000 against W. C. "Bill" Brickey and Barbara Brickey and Multi-Minerals, Inc. on which writs of execution were issued in June 1982. The Sheriff, acting under one of the writs, levied on all the property located at Multi-Minerals' mining site. Among the items seized are a 40 foot float-trailer and an Ingersoll wagon drill with stems. The appellant, John Velder, claiming ownership of those two items of personal property filed a petition for stay of execution pursuant to the provisions of Ark. Stat. Ann. § 30-305 (Repl. 1979).

At the conclusion of a hearing held on the petition as provided in Ark. Stat. Ann. § 30-308 (Repl. 1979) the trial court ruled that the burden was on the appellant to prove ownership of the seized property and that although he had met that burden with respect to the trailer he had failed in his burden of proving ownership to the drill. The appellant brings this appeal contending that the trial court erred in placing the burden on him to prove his ownership under the circumstances of this case. We find no error.

Ark. Stat. Ann. § 30-308 (Repl. 1979) provides that in a contest between the execution plaintiff and a party other than the judgment debtor claiming ownership of property levied on, the trial court shall "direct which party shall be considered plaintiff in the issue." Under this statute the placing of the burden of proof is to be determined by the trial court according to circumstances. Where the levy is made on property located in a public place based merely on the assertion of the judgment creditor that it is the property of the judgment debtor, the creditor could properly be required to carry the burden of proving his assertion. It is well settled, however, that possession of personal property is *prima facie* evidence of ownership. *Golenternek* v. *Kurth,* 213 Ark. 643, 212 S.W.2d 14 (1948); *Norton* v. *McNutt,* 55 Ark. 59, 17 S.W. 362 (1891). *Prima facie* evidence is deemed sufficient to establish a given fact if not contradicted, rebutted or

explained by other evidence. Here the property in issue was in the possession of Brickey at the time of the levy and it was on this fact that the trial court determined that the burden of proof should be on appellant. In *Norton* v. *McNutt, supra,* the court held that it was not improper to place the burden on the intervenor even where not aided by *prima facie* evidence. We find nothing improper in the action of the trial court.

The appellant testified that the judgment-debtor owed him a substantial amount of money but had told him he could not pay the debt unless he had the necessary equipment to work his mine. The appellant testified that they delivered the drill to him under an agreement that he would pay them rent for its use and use it to make the necessary profits to discharge the debt. There was, however, introduced into evidence an invoice issued by the appellant which indicated that the item had been sold to Brickey and Multi-Minerals, Inc. There was also evidence from another witness that he had been told by the appellant that the item had been sold. As the appellant was a party to the action, his testimony could not be considered as uncontradicted. *Livingston* v. *Livingston,* 247 Ark. 1137, 449 S.W.2d 396 (1970).

The findings of fact of a trial court shall not be set aside unless clearly erroneous, giving due regard to the opportunity of the trial court to judge the credibility of the witness. ARCP Rule 52(a). From our review of the record we cannot say that the finding of the trial court that appellant had failed to meet the burden of proof was clearly erroneous.

Affirmed.

MAYFIELD, C.J., and GLAZE, J., agree.