Charles BARTON *v.*
J. A. RIGGS TRACTOR CO., et al

CA 84-281                                        681 S.W.2d 397

Court of Appeals of Arkansas
Division II
Opinion delivered December 19, 1984

*Parker & Parker,* by: *Wayland A. Parker, II,* for appellant.

*Hardin, Jesson & Dawson,* for appellees.

TOM GLAZE, Judge. The appellant, Charles Barton, appeals from the Workers' Compensation Commission's denial of certain expenses he claims to have incurred as a result of a compensable injury he sustained on August 14, 1976. He contends on appeal that substantial evidence does not support the Commission's findings that he was not entitled to certain expenses. We affirm.

After his injury in 1976, the appellant was awarded permanent partial disability benefits of thirty-five per cent to the body as a whole. As a result of the original order in this case, the appellees were to be responsible for all reasonable hospital and medical expenses and mileage arising out of appellant's compensable injury. This appeal arises from a hearing on September 14, 1983, when appellant sought payment of medical and mileage expenses that the appellees had controverted. The administrative law judge set out with specificity the claims that were allowed and those that were disallowed. The law judge ordered the appellees to pay

$5,773.32 in medical expenses and $2,374.02 in mileage expenses. The Commission affirmed the order of the law judge. The appellant appeals from some of his claims that were disallowed.

On appeal, the appellant claims that substantial evidence did not support denying him: (1) mileage expenses for trips to Dr. Eric Nelson and to pharmacies in Fort Smith, (2) reimbursement for medical treatment and medicines prescribed by Dr. Kutait and mileage expenses, and (3) reimbursement for payment of $105 to Dr. Stanton and $204 to Central Baptist Hospital in Little Rock. We find substantial evidence to support the Commission's decision in each instance.

Appellant's claim for mileage expenses to Dr. Nelson, a therapist in Fort Smith, was allowed for thirty-three visits verified by a statement from Dr. Nelson's office showing specific dates the appellant had received treatment. Appellant claimed mileage for an additional forty visits that were not verified, except by a piece of paper on which the claimant had listed forty dates. Appellant's argument on appeal is that appellees did not deny or contradict that claimant made the additional trips to Dr. Nelson, that appellant had "verified" the office visits by his own record, and that the appellees had, in fact, paid all of Dr. Nelson's bills so they ought to pay the present claim for mileage. Whether appellant was entitled to mileage expenses for thirty-three or seventy-three visits was a fact question for resolution by the Commission, which has the responsibility to draw inferences when the testimony is open to more than a single interpretation. *McCollum* v. *Jones Truck Lines*, 244 Ark. 762, 427 S.W.2d 18 (1968). Although appellant argues that his testimony was uncontradicted, testimony of a party is never considered uncontroverted. *Velder* v. *Crown Exploration Co.*, 10 Ark. App. 273, 663 S.W.2d 205 (1984).

We likewise find no error in the Commission's denial of mileage to two pharmacies in Fort Smith. The Commission found that it was not "necessary" or "reasonable" for appellant to drive seventy miles round-trip to buy medicine when he could have used a pharmacy in Greenwood, thirty-

five miles round-trip from his home. What was necessary or reasonable was a fact question for the Commission to resolve; we believe substantial evidence supports its finding.

In denying appellant's claim for payment of medical treatment by and mileage expenses to Dr. Kutait and medication he prescribed, the Commission found that Dr. Kutait was treating appellant for high blood pressure unrelated to his compensable injury. The appellant contended that, by his testimony, Dr. Kutait connected the blood pressure problem with the compensable back injury. Appellant further contended that he was referred to Dr. Kutait by Dr. Stanton so that Kutait's bills were the responsibility of appellees. We agree that Kutait's charges and those related to his treatment would be compensable had appellant been referred to him by Dr. Stanton. However, Stanton's testimony fails to reveal that he referred appellant either to Kutait or to a general practitioner. We believe the testimony supports the Commission's determination that Dr. Kutait's services were not authorized and therefore not compensable. It follows that if Dr. Kutait's treatment was not compensable, neither the medication he prescribed nor the mileage expenses for treatment or for medicine were compensable.

Appellant's last contention is that the Commission erred in not paying $105 to Dr. Stanton and $204 to Central Baptist Hospital. Dr. Stanton's bill was for two medical reports, at $15 each, furnished to appellant's counsel and $75 for a deposition given at the behest of appellant's counsel. The Commission found that these were not compensable items. Appellant has cited us to no authority to the contrary, and we are aware of none.

The last item for which appellant seeks reimbursement is a $204 payment that the Commission found was a duplication of charges included in another Central Baptist Hospital statement which the appellees were ordered to pay. When appellant was admitted to the hospital on August 3, 1981, the Director of Patient Accounts signed a memorandum stating that the hospital would accept Medicare payments less $204 until appellant's workers' compensation

claim was settled or until appellant paid the balance. That memorandum and a past due statement for $204 dated February 8, 1983, were the only evidence appellant presented on this item. Appellant did now show that he had actually paid the $204 deductible amount, nor did he show the amount that Medicare paid. With that figure, the Commission could have determined with certainty whether the itemized hospital bill totaling $2,519.70 did or did not include the $204. The appellant himself was not clear about what, if anything, he or Medicare had paid. Under the circumstances, we believe the evidence was substantial to support the Commission's findings.

We are aware of the multitude of evidence submitted in this case. The law judge made a conscientious effort to sort out all the papers and to ascertain to the penny the amount the appellees were obligated to pay. In adopting the opinion of the law judge, the Commission determined that the final figures of the law judge were accurate. We believe substantial evidence supports the Commission's decision. Therefore, we affirm.

Affirmed.

COOPER and MAYFIELD, JJ., agree.