Juanita M. LAMBERT *v.*
GERBER PRODUCTS COMPANY

CA 84-397                                        684 S.W.2d 842

Court of Appeals of Arkansas
Division I
Opinion delivered February 27, 1985

*Eddie H. Walker, Jr.,* for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold,* for appellee.

TOM GLAZE, Judge. In a split decision, the Workers'

Compensation Commission affirmed the Administrative Law Judge's holding that the appellant failed to show that her back injury arose out of and in the course of her employment. Appellant contends that the Commission's decision is not supported by substantial evidence, that it erred in failing to reverse the law judge for granting appellee's motion for reconsideration when no statutory authority permits such a motion, and that it erred in not reversing because appellant was not afforded an opportunity to respond to the motion. We affirm.

We first consider appellant's procedural issues. At the conclusion of the parties' hearing on November 1, 1983, the Administrative Law Judge ruled from the bench that appellant had sustained a compensable injury. On November 22, 1983, before any written order had been entered by the law judge, appellee filed a motion for reconsideration. Significantly, appellee offered no new evidence or argument but rather requested the law judge to reconsider his oral decision, arguing that the evidence did not support it. On November 28, 1983, the law judge entered his opinion changing his earlier decision by finding the appellant had failed to prove her injury was compensable.

Here, appellant, citing Ark. Stat. Ann. § 81-1323(b) (Repl. 1976), contends she was entitled to ten days notice and to a reasonable period of time to respond to appellee's motion before the law judge entered his written opinion. In addition, she argues that the law judge had no authority to reconsider his oral decision and that appellee's recourse was to appeal that decision, not to move for its reconsideration. Even if we assumed appellant's procedural arguments had merit, we fail to see how she was in any way harmed considering the facts of this case. Appellant perfected a timely notice of appeal from the law judge's November 28, 1983, written order and her case was given a *de novo* review by the Commission. The duty of the Workers' Compensation Commission is to make a finding in accordance with the preponderance of the evidence and not on whether there is substantial evidence to support the findings of the Administrative Law Judge. *Jones* v. *Scheduled Skyways, Inc.,* 1 Ark. App. 44, 612 S.W.2d 333 (1981). Accordingly, the

Commission here not only reviewed the entire record, it also considered an additional document appellant characterized as "newly discovered evidence" which she claimed. would have enhanced her case if it had been previously considered by the law judge. Having fully studied the record, the Commission found that appellant failed to sustain her burden of proving a compensable injury by a preponderance of the evidence. Thus, if the Commission's decision is supported by substantial evidence, we fail to see how appellant sustained prejudicial-reversible error by the law judge's final decision finding appellant's claim uncompensable.

Now, we consider whether the Commission's decision is supported by substantial evidence; in viewing the evidence in the light most favorable to the Commission's findings, we conclude that it is. Appellant began to experience back problems on Sunday, July 24, 1983, when she was standing at the Girl's Club where she had taken her daughter for a camping activity. She initially attributed her back symptoms to standing for a prolonged period of time. She did not attend work the next day but called the appellee's nurse expressing that she thought she might have a kidney infection. That same day, appellant saw the company's doctor who sent her back to work the next day, July 26th. Although she took medication, appellant worked (missing one day) until August 9, 1983 when she quit because of her back condition. Appellant's job entailed stripping, waxing and buffing floors, as well as moving furniture. She candidly admitted that she did not recall any specific incident or occurrence that caused her back problems, and at least initially, she did not believe her problems had anything to do with her work.

Regardless of what caused appellant's initial onset of back symptoms, she argues that her job duties aggravated her condition to the point that she was unable to continue gainful employment. Her testimony, however, reflects that after her initial symptoms, her back "just kind of stayed the same," and "it didn't really seem to get any worse until night." She said, "some days I would get up and it wouldn't be hurting at all and some. . .it would be. So the way that it

did, it just kept me undecisive about whether or not I should go back to the doctor." We believe appellant's own testimony supports the conclusion the Commission obviously reached that any disability she had incurred resulted from the natural progression of her initial condition. In any event, we find no compelling evidence to the contrary. While appellant argues that the appellee never controverted that part of her testimony that indicated her job duties aggravated her back problems, it is well settled that a party's testimony is never considered uncontroverted. *Barton* v. *J.A. Riggs Tractor Co.*, 13 Ark. App. 177, 681 S.W.2d 397 (1984).

In conclusion, the issue is not whether this court would have reached a different result than the Commission or whether a contrary finding could be supported. *Nicholas* v. *Hempstead County Memorial Hospital*, 9 Ark. App. 261, 658 S.W.2d 408 (1983). Rather, the test, as earlier stated, is whether the Commission's ruling is supported by substantial evidence, and from our careful review of the record, we hold it was.

Affirmed.

CLONINGER and CORBIN, JJ., agree.