Mr. Jim Pledger, Director Department of Finance and Administration P.O. Box 3278 Little Rock, Arkansas 72203
Dear Mr. Pledger:
This is in response to your request for an opinion on whether you, as the Chief Fiscal Officer of the state, can sell a one hundred ounce bar of silver found in the vault of the Northwest Vocational Technical School as surplus state property.
Some explanation is required. According to our information, criminal charges were filed against at least one individual formerly employed by the Northwest Vocational Technical School (NVTS). The charges involved some type of misuse of state funds. at least one of the charges involved a one hundred ounce bar of silver which was eventually found in the vault at NVTS. The bar of silver was then placed in a safety deposit box in Springdale, Arkansas by the interim director of NVTS. At some later point the bar was transferred to the custody of the Department of Finance and Administration, but remained in the safety deposit box in Springdale at the request of the F.B.I., in the event the bar would be needed as an exhibit in the pending criminal cases.
To date, no one has claimed ownership of the bar of silver; and according to our information, it cannot be determined how the bar was purchased, or how it came to be located in the vault of the NVTS. It is suspected to have been related to the criminal activities alleged to have occurred at NVTS, but apparently there was a failure to prove this fact at the criminal proceedings.
You state that according to the F.B.I. and the Division of Legislative Audit, which also had a role in the investigation, the bar of silver is no longer needed for the purposes of their investigations.
Your specific question relative to these facts is as follows:
 Do I, as Chief fiscal Officer, have the legal authority to dispose of the 100 ounce bar of silver through the Marketing and Redistribution Section of the Department of Finance and Administration through procedures established for disposition of surplus state property and have deposited in the Cash Fund of the Northwest Vocational Technical School the proceeds derived from the resulting sale?
The "Marketing and Redistribution Section" of the Department of Finance and Administration ("DFA") is created at A.C.A.25-8-106 and provides a mechanism at DFA for redistributing state property from one agency to another, or to political subdivisions. Additionally, as you have noted, the Chief Fiscal Officer has the authority under 19-4-1503 to transfer property and equipment from one agency to another or to sell surplus property and equipment of any agency at a reasonable fair value as authorized by 25-8-106 (the Marketing and Redistribution provision). Allocation of the proceeds is ordinarily to the agency on whose behalf the property is sold. See A.C.A. 19-11-242 and 25-8-106.
It is clear, in my opinion, that under the provisions cited above, the Chief Fiscal Officer has the authority to transfer and sell state property. The question presented by the facts you have outlined, however, is whether the Chief Fiscal Officer can sell a one hundred ounce bar of silver which is presumably related to a criminal investigation, and the ownership of which is undetermined.
You have not stated any facts about the outcome of the criminal proceedings, which we understand were in federal court. We understand also, however, that the bar of silver was never actually used as an exhibit in those proceedings. Even so, reference to any relevant court orders regarding the disposition of this item should be had. Barring any mention of the disposition of the silver in the court orders, (including any forfeiture provisions), two problems remain with disposing of the bar of silver through state procedures. First, your question appears to inquire as to whether the bar of silver will be needed as an exhibit in any further court proceedings. Again, we are not familiar with all of the relevant aspects of the criminal proceedings surrounding this bar of silver. Additionally, it appears that this aspect of your question is not a legal one, but one which would require a measure of precognition. Assuming that no officials involved in the investigation of the incidents surrounding the silver have any further need for the item, and is my opinion that the possibility of the future need for this item should not prevent its disposal.
Second, and more troubling, is the issue involving the uncertain ownership of the silver. It is my opinion, as noted above, that the Chief Fiscal Officer has the authority to sell surplus state property. The question in this instance appears to be whether the bar of silver is state property. The state most certainly has possession of it. Under the law, ". . . possession of personal property is prima facie evidence of ownership. [Citation omitted.] Prima facie evidence is deemed sufficient to establish a given fact if not contradicted, rebutted or explained by other evidence." Velder v. Crown Exploration Co., 10 Ark. App. 273
(1984) at 274-275. See also, Hinckle [Hinkle] v. Perry, 296 Ark. 114,752 S.W.2d 267 (1988). According to our information, no one is likely to contradict or rebut the state's asserted title to the silver, as to do so might tend to implicate them in the alleged criminal activities.
Of course, the only way to ascertain the ownership of the silver definitively is to have it adjudged by a court. As the matter stands now, the ownership is undetermined, although the state would be accorded "prima facia" ownership in court proceedings. The crux of your question is whether the state can treat the bar of silver as state property and dispose of it according to the statutory procedures for the disposition of state property. It is my opinion in this instance, bearing in mind all of the particular factors surrounding this situation, that the statutes would not prohibit such an action. Of course, should anyone in the future have the inclination and the wherewithal to challenge the state's action, and to prove ownership of the silver, the state may be liable to that partly for its value. Should the Department wish to obtain a clear and absolute resolution of this situation, resort to the judicial system would be indicated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elan L. Cunningham.
Sincerely,
RON FIELDS Attorney General
R:arb