## GLENN v. GLENN.

1. APPEAL: *Final decree: Alimony pendente lite.*
   A decree for alimony *pendente lite* is final and subject to appeal.

2. DIVORCE: *Alimony pendente lite.*
   In a suit for divorce, a Chancellor has power to award alimony *pendente lite* to the wife, whether as plaintiff or defendant, out of the husband's property, upon affidavits upon her part showing his ability; and in the absence of any proof of separate property in the wife, it is but just and reasonable to compel the husband to furnish the means for her to prosecute or defend the suit, and with necessaries suitable to her station in society and his means.

APPEAL from *Pulaski* Chancery Court.
Hon. D. W. CARROLL, Chancellor.

EAKIN, J. This is an appeal in a divorce suit, by the husband, from an order allowing the wife alimony for maintenance and counsel fees, *pendente lite.* The cause below is still pending. A supersedeas bond has been filed.

Counsel upon both sides have declined to aid us with briefs, and the pressure of business upon the court is too great to justify us in patient microscopic searches after error, through the whole transcript.

Glenn v. Glenn.

If it be thought that the decree for alimony *pendente* ¹·ᴀᴘᴘᴇᴀʟ: Final de- *lite* is not final, and therefore not subject to appeal, counsel ᶜʳᵉᵉ. are referred to the case of *Hecht v. Hecht, 28 Ark., 92,* where the point is settled affirmatively on the soundest reasoning.

If appellant doubts the power of a Chancellor to award ²·ᴅɪᴠᴏʀᴄᴇ: Alimony alimony to the wife, whether as plaintiff or defendant, out ₚₑₙ𝒹ₑₙₜₑ *lite.* of the husband's property, the same case may be taken as settling that also. It may be added that it is the universal and unquestioned practice of the English ecclesiastical courts to do so. (See *Cooke v. Cooke, 2d Philimon, 40; Otway v. Otway, Ib., 109; Brisco v. Brisco, 2 Hag. C. R., 199; Stone v. Stone, 3 Curtis, 341.*) It was not proper to do so, however, except upon what was called in ecclesiastical parlance an "allegation of faculties" made in her behalf, and some showing of the husband's ability. *Butler v. Butler, 1 Lee, 38.*

Under our practice, affidavits in support of a motion on the wife's part, may take the place of "allegations of faculties" in showing the husband's ability; and then the matter is in the sound discretion of the Chancellor.

In the absence of any proof of separate property in a wife, it is just and reasonable to compel the husband to furnish the wife with means to defend a suit by him for a divorce. Otherwise she would be at his mercy. And for the same reason he would be secure against the best founded suit for a divorce on her part, if she were bound helpless to prosecute. He is compelled to furnish her with necessaries suitable to her station in society, and to his means. Alimony, *pendente lite,* may be a greater necessity than anything else. It may be safe to say that no well-balanced man, regardful of public opinion, would desire to put himself in the position of prosecuting or defending a suit against a wife deprived, meanwhile, of counsel, and

in danger of starving, whatever her guilt may be eventually proved to have been.

We find no abuse of discretion in the court.

Affirm.