SLOCUM *v.* SLOCUM.

Opinion delivered June 8, 1908.

DIVORCE—ALIMONY AND SUIT MONEY—SHOWING OF MERIT.—While, in a suit for divorce brought by a wife, she must make a showing of merit before the court will make her an allowance of temporary

alimony and suit money, the court does not require such showing where the husband sues the wife, or brings a cross-bill, asking a divorce in a suit instituted by her.

Appeal from Benton Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

*Rice & Dickson,* for appellant.

On the mere unverified allegations, and unsupported by proof making out a *prima facie* case, the court was unauthorized to pay such large sums of money. 30 Ark. 76; 63 *Id.* 128; 28 *Id.* 94; 37 S. W. 1022.

*McGill & Lindsey* and *Rice & Rice,* for appellee.

It is only necessary to make out a *prima facie* case by affirmative proof. Allowances are made without consideration of the merits if the suit is in good faith. 2 Am. & Eng. Enc. of L. 100; 1 Enc. Pl. & Pr. 421-2; 2 *Id.* 103; 1 Edw. Ch. 62; Clarke, Ch. 151; Keezer, Mar. & Div. 152; 3 Edw. Ch. 387; 8 *Id.* 194; 44 Ark. 46.

HILL, C. J. On the 20th of July, 1907, Mrs. Slocum filed suit for divorce against her husband, Dr. Slocum. The allegations of her complaint, if proved, would have entitled her to a divorce under the statutory cause of offering such indignities to the person as to render her condition in life intolerable.

To this complaint Dr. Slocum filed an answer, admitting marriage and denying all the material allegations constituting a cause of divorce. He also filed a cross-bill, in which he alleged facts which, if proved, would have entitled him to divorce under the same clause of the statute. To this cross-bill Mrs. Slocum filed an answer in which she denied all of its material allegations.

After the case was at issue upon the complaint and the cross-complaint and the answers thereto, Mrs. Slocum applied for temporary alimony, suit money and attorneys' fees, on the 31st of August, 1907, and was granted $400 attorneys' fee, $50 suit money and $25 per month temporary alimony; and from this order Dr. Slocum has appealed. The court refused to hear the merits of the case, and sustained objections to testimony offered by Dr. Slocum tending to prove that the wife did not have ground for divorce, and that he did have ground for

divorce, but heard testimony as to Dr. Slocum's property and income and Mrs. Slocum's dependence, and the cost of separate maintenance for her.

The first question presented by appellant is whether, upon the unverified allegations of the complaint, unsupported by proof, the court was authorized to award alimony, suit money and attorneys' fees.

Pleadings in divorce suits are expressly authorized to be made without verification. Section 2676 of Kirby's Digest. There is a decided difference between suits brought by husband and wife in respect to allowances to the wife. Where the wife separates from her husband, and seeks an order of court giving her separate maintenance and means to prosecute her suit against her husband, she should show merit in her cause. Mr. Nelson, in his work on Divorce and Separation, § 853, says:

"In order to obtain an order for alimony, costs and counsel fees, the wife must sustain her application by proof of—

(1)　A marriage, either legal or *de facto*.

(2)　A probable cause for divorce or valid defense.

(3)　Her inability to support herself and prosecute or defend the action.

(4)　The husband's ability to contribute to her support."

This statement is undoubtedly correct, with the exception of that part of the second clause, which states that the wife is required to show a valid defense. As to that the authorities are in conflict. In fact, there seems to be no general rule upon that subject. See 14 Cyc. 748, 749; 2 Am. & Eng. Enc. 100, 101.

But in this State the rule is otherwise than stated by Nelson. In *Glenn* v. *Glenn*, 44 Ark. 46, the court said: "In the absence of any proof of separate property in a wife, it is just and reasonable to compel the husband to furnish the wife with means to defend a suit by him for divorce. Otherwise she would be at his mercy. And for the same reason he would be secure against the best founded suit for a divorce on her part, if she were bound helpless to prosecute. He is compelled to furnish her with necessaries suitable to her station in society and to his means. Alimony *pendente lite* may be a greater necessity than anything else. It may be safe to say that no well balanced man, regardful of public opinion, would desire to put himself

in the position of prosecuting or defending a suit against a wife deprived, meanwhile, of counsel, and in danger of starving, whatever her guilt may be eventually proved to have been." This principle was recognized in *Fountain* v. *Fountain,* 80 Ark. 481.

Appellant relies upon the following rule, approved in *Countz* v. *Countz,* 30 Ark. 73: "It is not at all a matter of course to allow an advance to the wife on a bill for divorce *a mensa et thoro* to enable her to prosecute her suit. Injury and meritorious cause of action must be made to appear, and then a suitable allowance will be made." This principle was recognized in *Plant* v. *Plant,* 63 Ark. 128, and is a sound one; but in this State, and in many others, it is applicable only to suits brought by the wife. Where the suit is brought by the husband against the wife, and issue made in good faith as to the allegations upon which the divorce is sought, then the rule announced in *Glenn* v. *Glenn, supra,* prevails.

If this case had stood upon the complaint and answer, it would have been error for the court to have granted temporary alimony, suit money and attorneys' fees without the wife showing probable cause for divorce. In other words, she must show merit in her cause before she can require separate maintenance and means to prosecute her suit. How strong a showing should be made is a matter peculiar to each case, as it is a question appealing to the judicial discretion of the chancellor. 14 Cyc. 749.

Not content with defending the wife's suit, Dr. Slocum filed a cross-bill, in which he sought a divorce from her, alleging grounds which would have entitled him to it under the statute as heretofore stated; and issue was made by the wife as to these allegations. No attack is made upon the good faith of the defense, and it must be presumed that it is made for the purpose of seeking to contest the allegations made by the husband. It is recognized and permissible practice for the defendant to file a cross-bill and ask independent relief in divorce suits. When he does so, his suit is as separate and distinct from that of his wife as if the wife had brought no suit, and the finding of the court should be upon each separately. *Haley* v. *Haley,* 44 Ark. 429; Nelson on Divorce & Separation, § 744.

The allowance to the wife for alimony and suit money is not

unreasonable in view of the property of the husband and his income therefrom and her dependence upon him for support. The allowance of the attorneys' fees of $400 is attacked as excessive. Defendant was given until the first of November to pay the attorneys' fees. There is no showing whether this allowance is for the entire services to be rendered in the suit, or an advance fee for the attorneys on account. For their services in the trial court, this amount would not be excessive, in view of the means and station of the parties and issues involved. All the court can say now is whether the amount is disproportionate to the value of the services likely to be required of the attorneys; and the court cannot say that it is.

No error is found in the allowances made, and no other questions are properly presented for consideration.

The judgment is affirmed.