JELKS *v.* JELKS.

4-7390                                    181 S. W. 2d 235

Opinion delivered June 19, 1944.

476

*A. A. Poff*, for appellee.

Holt, J. Appellant, Everett Jelks, sued appellee, Ruth Jelks, for divorce February 13, 1942, and on the same day a decree was rendered in his favor. The decree was rendered in vacation, but was rescinded by the court, for the reason that the trial court found that fraud had been practiced in procuring the divorce decree. Since this was a proceeding in vacation, the decree of divorce could not have become effective until it was entered of record and that action, as indicated, has not been and will not be taken. There is, therefore, no decree of divorce.

Section 2817 of Pope's Digest provides that a chancellor by consent of parties may "try any cause and deliver opinions . . . , and make and sign decrees in vacation," and that "such decrees, and all other orders and decrees which a chancellor may make in vacation, shall be entered and recorded on the records of the court in which the causes, or matter, is pending, and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases."

In construing Act 82 of the General Assembly of 1913, which is now a part of § 2817, *supra*, this court, in

*Red Bud Realty Company* v. *South,* 145 Ark. 604, 224 S. W. 964, said: "Under this statute a vacation decree does not become effective until it is signed and entered of record, and until it is so entered, it can not be appealed from, therefore, the time allowed for taking an appeal runs from the date of entry. In this respect a vacation decree differs in effect from one rendered in term time. In the very nature of things, a judgment pronounced by a judge in vacation does not, before entry, have the force and effect of a judgment pronounced by a court duly assembled at the time and place prescribed by law, unless the statute in express terms gives it such force." See, also, *McConnell* v. *McCord,* 170 Ark. 839, 281 S. W. 384.

Since appellant is a soldier in the armed forces of the United States, the court below continued his suit for divorce and it will not be disposed of except upon appellant's motion until his discharge from the service. (Soldiers' and Sailors' Civil Relief Act of 1940. Oct. 17, 1940, c. 888, § 1, 54 Stat. 1178, 50 U.S.C.A., § 501 *et seq.*)

January 4, 1943, the court made an award to appellee for the support and maintenance of herself and their five-months-old baby *"pendente lite* and until further orders of this court."

Inasmuch as appellant is the moving party here and has filed suit for divorce against his wife, temporary alimony may be awarded during its pendency and will be payable until the court below orders otherwise, and appellee would, under these circumstances, be entitled to the allowances without show of merit on her part. This court so held in *Slocum* v. *Slocum,* 86 Ark. 469, 111 S. W. 806 (quoting the headnote), "While, in a suit for divorce brought by a wife, she must make a showing of merit before the court will make her an allowance of temporary alimony and suit money, the court does not require such showing where the husband sues the wife, or brings a cross-bill, asking a divorce in a suit instituted by her."

The allowances to appellee are not shown to have been excessive and will not be disturbed or changed by this court until action thereon has been taken by the

court below, and that action brought before this court for review.

Finding no error, the decree is affirmed.