Benjamin F. LACKEY Jr. *v.* Dana R. BRAMBLETT
and William Kellybrew

02-1332                                         139 S.W.3d 467

Supreme Court of Arkansas
Opinion delivered December 18, 2003

[Petition for rehearing denied January 22, 2004.*]

---

* DICKEY, C.J., not participating.

*Callis L. Childs*, for appellant.

· *Watts, Donovan & Tilley, P.A.*, by: *Michael McCarty Harrison* and *Jim Tilley*, for appellees.

D ONALD L. CORBIN, Justice. This is an appeal from an order of the Faulkner County Circuit Court granting severance. Appellant Benjamin F. Lackey Jr. has styled this case as a petition for a writ of *certiorari* or, alternatively, as a petition for a writ of mandamus or, alternatively, as a direct appeal. Despite the procedural alternatives provided by Appellant, the central issue presented to this court is whether the circuit court erred in granting severance. Because Appellant has alternatively sought *certiorari* and mandamus, this court's jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We dismiss this appeal.

In order to understand the crux of Lackey's argument, it is necessary to delve into the procedural history surrounding this case. Lackey, a Conway Police Officer, was operating his police vehicle when he was hit by a pickup truck driven by Mark Mays. As a result of this accident, Lackey was diagnosed as suffering from "paracervical, parathoracic, and shoulder strain." He was prescribed medication and ordered not to work for two days. This accident occurred on June 18, 1999.

On July 18, 1999, Lackey was again operating his police vehicle when he was struck by a vehicle operated by Appellee Dana R. Bramblett. This accident occurred in the parking lot of a shopping center. Bramblett was operating her vehicle in the course of her employment for Deliveries R Us, owned by Appellee William Kellybrew. As a result of this second accident, Lackey was diagnosed with pain and acute tenderness of the spine in the T1-2 region. After continuing problems, Lackey sought the treatment of an orthopedist, who diagnosed Lackey as suffering from cervical strain and a slight strain to the neck.

Thereafter, on July 17, 2002, Lackey filed a complaint in Faulkner County Circuit Court against Mark Mays, Dana Bramblett, William Kellybrew, d.b.a., Deliveries R Us, Trent Properties,[1] and assorted John Does. On July 18, 2002, Bramblett filed a motion to sever the claims against her pursuant to Ark. R. Civ. P. 18(b)(1). Kellybrew also filed a motion to sever the claims against him on July 25, 2002.

On August 2, 2002, Lackey sought a hearing before the trial court on the motions to sever. He also notified the court that his counsel was preparing a supplemental memorandum regarding the

---

[1] At the time of the second accident, Trent Properties owned the shopping center parking lot where the accident occurred.

severance issue. A hearing was then scheduled for September 25, 2002. Prior to that hearing, counsel for Bramblett forwarded to the court an order purporting to grant the severance motions filed by Bramblett and Kellybrew. The trial court signed the prepared order on August 14, 2002. Two days later, Lackey filed his supplemental memorandum on the severance issue. He then filed a motion for reconsideration of the August 14 order granting severance.

The trial court held a hearing on the motion for reconsideration on September 25, 2002. During that hearing, Lackey argued that it was appropriate to try the parties involved in both wrecks in one suit because it is necessary to consider his injuries in the course of one trial. Counsel for Bramblett and Kellybrew argued that it was patently unfair for them to defend against an accident in which they were not involved. They also pointed out that this was not a situation involving conspiracy among the defendants or involving joint-tortfeasors. At the conclusion of the hearing, the trial court reserved ruling on the motion for reconsideration. In a written order dated October 8, 2002, the trial court summarily denied Lackey's motion for reconsideration. From that order, comes the instant appeal.

On appeal, Appellant raises several arguments as to why the trial court erred in granting the motions to sever. Before turning to those arguments, however, it is necessary for us to determine if the appeal from the grant of a motion to sever is an appealable order. It is not an appealable matter, despite Lackey's attempts to pursue this matter through the alternative remedies of an interlocutory appeal, *certiorari*, or mandamus.

We turn first to Lackey's argument that his appeal is a proper appeal pursuant to Ark. R. App. P.—Civ. 2, because the trial court's order granting severance "in effect" discontinues the litigation. Lackey bases this argument on the assertion that severance creates two separate suits, thereby discontinuing his single suit and the benefit of joint and several liability. We disagree.

This court discussed the nature of Rule 2 in *Farm Bureau Mut. Ins. Co. v. Running M Farms, Inc.*, 348 Ark. 313, 318, 72 S.W.3d 502, 505 (2002), and stated:

> Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure—Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. The requirement of finality limits our appellate review to final orders in an effort to avoid

piecemeal litigation. *Larscheid v. Arkansas Dep't. of Human Servs*, 343 Ark. 580, 36 S.W.3d 308 (2001). For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Beverly Enters.—Ark., Inc. v. Hillier*, 341 Ark. 1, 14 S.W.3d 487 (2000); *Mueller v. Killam*, 295 Ark. 270, 748 S.W.2d 141 (1988). This court has held that the test of finality and appealability of an order is whether the order puts the court's directive into execution, ending the litigation or a separable branch of it. *Reed*, 341 Ark. 470, 17 S.W.3d 488.

In the present case, the trial court's order granting severance in no way discontinues this litigation; rather, Lackey will now proceed in separate trials. We disagree with Lackey that *BPS, Inc. v. Parker*, 345 Ark. 381, 47 S.W.3d 858 (2001), somehow confers appellate jurisdiction in the present case. That case involved the appealability of a circuit court's findings of fact and conclusions of law that effectively decided one of the issues, thus rendering it a final disposition. This case is nothing like *Parker*, as there has been no final disposition of any material issue.

On a final note, Lackey asserts that if the order granting severance is deemed to be interlocutory and not appealable, this court should amend Rule 2(a) in order to permit an appeal in this case. We decline Lackey's invitation to amend our rule and note that we have in place a Civil Practice Committee, which reviews and suggests changes to our rules of appellate procedure as needed.

We next turn to Lackey's assertion that this court can grant him relief by granting a writ of *certiorari*. Lackey infers that *certiorari* is appropriate because there is no adequate remedy available to him by appeal. We disagree.[2]

A writ of *certiorari* is appropriate when on the face of the record it is apparent that no other remedy is available to correct a plain, manifest, and gross abuse of discretion by the trial judge. *See, e.g., Ivy v. Keith*, 351 Ark. 269, 92 S.W.3d 671 (2002); *Johnson v. Johnson*, 343 Ark. 186, 33 S.W.3d 492 (2000). This court has specifically stated that "a writ of *certiorari* is extraordinary relief, and we will grant it only when there is a lack of jurisdiction, an act in

---

[2] It should be noted that while Lackey asserts that *certiorari* or mandamus is an appropriate remedy, he has not followed the proper procedure to obtain either such relief. Specifically, this is not an original action filed against the circuit court.

excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record." *Arkansas Dep't of Human Servs. v. Collier*, 351 Ark. 506, 516, 95 S.W.3d 772, 777 (2003) (emphasis added) (citing *Cooper Communities, Inc. v. Benton Cty. Cir. Ct.*, 336 Ark. 136, 984 S.W.2d 429 (1999)). Moreover, this court has recognized that *certiorari* is not an appropriate remedy to use to reverse a trial court's discretionary authority. *Collier*, 351 Ark. 506, 95 S.W.3d 772; *see also Juvenile H. v. Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992). *Certiorari* is appropriate where a party claims that a lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy. *Kraemer v. Patterson*, 342 Ark. 481, 29 S.W.3d 684 (2000).

The decision to grant or deny severance is discretionary with the trial court. *See, e.g., Carpetland of N.W. Ark., Inc. v. Howard,*, 304 Ark. 420, 803 S.W.2d 512 (1991); *see also Williams v. State*, 338 Ark. 178, 992 S.W.2d 89 (1999). Thus, the fact that severance is a discretionary matter means that *certiorari* is not an appropriate remedy. In other words, it is not plain on the face of the record before us that the trial court lacked or exceeded his authority by granting the motions to sever. In fact, Lackey never argues that the trial court lacked the authority to grant severance. Rather, his only argument on appeal is that his case is identical to the Colorado case of *Sutterfield v. District Court*, 438 P.2d 236 (Colo. 1968), and therefore should govern. We disagree.

In that case, Sutterfield was injured in two separate accidents and then jointly sued each of the defendants in one lawsuit. The trial court granted a motion to sever, but the Colorado Supreme Court granted *certiorari*, thereby reversing the trial court. *Sutterfield* is distinguishable, however, as the Colorado Supreme Court in granting *certiorari* noted that it was an appropriate remedy where the lower court had committed an error that was not otherwise reviewable. This court can certainly review on direct appeal the issue of whether it was appropriate to grant severance. Thus, Lackey's reliance on *Sutterfield* is unavailing.

We next turn to Lackey's alternative argument that a writ of mandamus is appropriate in this case. He avers that he has an established right to join the defendants involved in both accidents into one suit. He also avers that he has the right to have

one jury establish the damages he suffered as a result of the two wrecks. We disagree, noting that Lackey has cited no authority supporting his novel assertions.

This court recently discussed the nature of mandamus and stated:

> The purpose of the writ of mandamus is to enforce an established right or to enforce the performance of duty. This court has often held that mandamus is an appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law and which requires no exercise of discretion or official judgment. A writ of mandamus is appropriate if two factors are established: 1) the duty to be compelled is ministerial and not discretionary; and 2) the petitioner has shown a clear and certain right to the relief sought, and the absence of any other adequate remedy. To be "adequate," the alternative remedy must be "plain and complete and as practical and efficient to the ends of justice and its proper administration as the remedy invoked."

*Axley v. Hardin*, 353 Ark. 529, 535-36, 110 S.W.3d 766, 769-70 (2003) (citations omitted).

Again, mandamus will not lie where a court has discretion to act. Moreover, Lackey has not established that he has a right to the relief sought. He cites to no authority in support of his assertion. This court has often held that we do not consider arguments without convincing argument or citation to authority in support, where it is not apparent without further research that these arguments are well taken. *Whitley v. Cranford*, 354 Ark. 253, 119 S.W.3d 28 (2003); *Roberts v. Priest*, 341 Ark. 813, 20 S.W.3d 376 (2000). As such, Lackey cannot prevail on this point.

In summary, there is no mechanism by which this court may obtain review of the trial court's order granting severance. The decision to grant severance is an interlocutory matter, and it is not included in the list of interlocutory appeals that may be pursued under Rule 2. Moreover, severance is a matter left to the discretion of the trial court; thus, neither *certiorari* nor mandamus provides an appropriate remedy for Lackey in this case.

Appeal dismissed.

ARNOLD, C.J., not particpating.