Michael D. LENSER and Dorothy Hockey *v.*
The Hon. Mary Spencer McGOWAN, Judge,
and Angel Lenser

04-267 191 S.W.3d 506

Supreme Court of Arkansas
Substituted Opinion on Denial of Rehearing
delivered September 16, 2004*

---

* Original opinion delivered June 17, 2004.

*The Madden Law Firm*, by: *C. Richard Crockett*, for petitioner.

*Deborah Pipkins*, for respondent.

JIM HANNAH, Justice. Michael D. Lenser and Dorothy Hockey ("Petitioners") filed a petition for writ of prohibition asserting that the circuit court was without jurisdiction to enter a temporary custody order because pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501-596 (2003),[1] the circuit court was without jurisdiction to act other than to enter a stay. Michael asserts that because his son Carson Ray Lenser happened to be with his mother at the time the stay was entered, Carson must remain with Michael's mother as long as the stay is in place. Michael D. Lenser and Angel Lenser are the parents of Carson. Michael and Angel are married but separated. Michael has filed a complaint for divorce. Dorothy Hockey is Carson's paternal grandmother and was caring for Carson when the circuit court entered a custody order awarding custody to Angel. We hold that the Servicemembers Civil Relief Act provides a stay of the domestic relations case but did not prevent the circuit court from entering a temporary order of custody.

██ We first note that Petitioners have filed a petition for the wrong writ. The purpose of the writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. *Hatfield v. Thomas*, 351 Ark. 377, 93 S.W.3d 671 (2002). A writ of prohibition is an extraordinary writ that is only appropriate when

---

[1] The Servicemembers Civil Relief Act replaces the earlier law known as the Soldiers' and Sailors' Civil Relief Act.

the court is wholly without jurisdiction. *Ibsen v. Plegge*, 341 Ark. 225 15 S.W.3d 686 (2000). Further, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. *Id*. It is not available otherwise to correct erroneous action of a trial court. *State v. Nelson, Berry Petroleum Co.*, 246 Ark. 210, 438 S.W.2d 33 (1969).

The prayer in the petition for writ of prohibition requests the following relief:

> Wherefore Petitioners pray that the Supreme Court issue a Writ of Prohibition to the Circuit Court of Pulaski County, Arkansas, Ninth Division, directing that its Order taking custody of Carson Lenser from Michael D. Lenser be set aside and that Carson Lenser be returned to Michael D. Lenser's custody.

There is no request to prevent an act about to occur; rather, there is a request to correct action already undertaken by the circuit court. Therefore, prohibition does not lie.

■ Petitioners should have filed a petition for writ of certiorari. A writ of certiorari is a remedy used to quash irregular proceedings. *Ford Motor Co. v. Harper*, 353 Ark. 328, 107 S.W.3d 168 (2003). Certiorari lies to correct proceedings erroneous upon the face of the record when there is no other adequate remedy. *Skokos v. Gray*, 318 Ark. 571, 886 S.W.2d 618 (1994). Certiorari is available in the exercise of this court's superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. *Id*. However, certiorari may not be used to look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding upon facts or review the exercise of a court's discretionary authority. *Id*. Certiorari is appropriate where a party claims that a lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy. *Lackey v. Bramblett*, 355 Ark. 414, 139 S.W.3d 467 (2003). Petitioners argue that the circuit court lacked jurisdiction to act.

■■ The Petitioners should have filed a petition for writ of certiorari. This court has the discretion to treat a petition for writ of prohibition as if it were properly filed as a petition for a writ of certiorari. *Ballard v. Circuit Court*, 347 Ark. 291, 61 S.W.3d 178 (2001). We will proceed as if Petitioners had filed a petition for writ of certiorari.

Based on the stay provided in the Civil Relief Act, Petitioners argue that the circuit court "did not have jurisdiction to remove custody of Petitioner Michael D. Lenser's minor child from petitioners." Petitioners further argue that "[a]fter the application for stay in open court, [the circuit court] did not have power or jurisdiction to order a change in custody of Carson Lenser . . . ." Based on this alleged error in the "change in custody," Petitioners ask this court to issue a writ "requiring [the circuit court] to restore matters to the status prior to the hearing on January 21, 2004, until ninety days after Michael D. Lenser is out of military service."

We note that although the complaint for divorce was filed on December 31, 2003, no order of custody in the divorce proceedings had been entered when the parties appeared before the circuit court on January 21, 2004. Therefore, Petitioners's assertion that Michael had custody is misleading. Carson was with Michael because Michael and Angel agreed that Michael would care for Carson during Michael's leave. The agreement between Michael and Angel provided that Carson would be returned to Angel's care when Michael returned to Ft. Hood.

▬▬▬ However, Petitioners do argue that regardless of any agreement regarding Carson's care, the circuit court was without any power to act on January 21, 2004, because of the stay under the Civil Relief Act. To show a lack of jurisdiction, Petitioners must show that the circuit court was without power or authority to hear the case. *See Parker v. Sebourn*, 351 Ark. 453, 95 S.W.3d 762 (2003). This court defined a stay in *State Game & Fish Comm'n v. Sledge*, 344 Ark. 505, 42 S.W.3d 427 (2001), stating:

> A stay is generally defined as "suspension of the case or some designated proceedings within it. It is a kind of injunction with which a court freezes its proceedings at a particular point. It can be used to stop the prosecution of the action altogether, or to hold up only some phase of it, such as an execution about to be levied on a judgment."

*Sledge*, 344 Ark. at 509 (quoting *Black's Law Dictionary* 1413 (6th ed. 1990)). Nothing in the grant of a stay deprives a court of jurisdiction. To the contrary, a stay means that the court retains jurisdiction, but holds action on the case in abeyance. Thus, there is no merit to the assertion that the circuit court was without jurisdiction. At the time the stay was requested, there was no custody award by any court. As

husband and wife, both Michael and Angel each had equal rights to Carson at that time. While the family relation exists, each parent at all times impliedly authorizes the other to act for him or her in the common care and control of their children. *Stull v. Ragsdale*, 273 Ark. 277, 620 S.W.2d 264 (1981). Michael asserts in essence that because Carson happened to be with his mother when Michael asked for a stay, Carson must remain with Michael's mother or in his custody until the stay under the Civil Relief Act is dissolved.

■ As Petitioners note, the circuit court entered a stay, but entered a temporary custody order before the stay. This raises the question of whether the circuit court had to stay the action and leave Carson where he happened to be when the right to the stay was asserted, or whether the circuit court could enter the temporary custody order and then stay the action. The order in which the circuit court acted on the stay and the temporary order of custody is irrelevant. The stay of the Civil Relief Act does not freeze a case in permanent limbo and leave a circuit court with no authority to act at all.

■ ■ The purpose of the Civil Relief Act is to "strengthen, and expedite the national defense" by enabling persons in the military service "to devote their entire energy to the defense needs of the Nation. . . ." 50 U.S.C. app. § 502 (2003). *See also Carr v. United States*, 422 F.2d 1007 (4th Cir. 1970). The statute is to be liberally construed to prevent persons in military service from suffering prejudice caused by being in the military and away in the service of the nation. *Hawkins v. Hawkins*, 999 S.W.2d 171 (Tex. Ct. App. 1999). Amendments to the Act were made last year and altered the stay provided in the act.[2] Petitioners argue that under those amendments, the stay is now automatic when requested. However, even if the circuit court had entered the stay before issuing a custody order, the custody order would be valid.

Michael asserts in his complaint for divorce that he and Angel were "separated on November 19, 2003, and since such time have lived separate and apart." Although it is not entirely clear from the facts provided in the record, it appears that when Michael and Angel separated, Carson lived with Angel. According to Michael's affidavit, he left Arkansas for Ft. Hood, Texas, on

[2] Congress amended the Servicemembers Relief Act regarding stays in 2003, Pub. L. No. 108-189, 54 Stat. 1178 (codified at 50 U.S.C.A. app. § 522 (2003)).

December 8, 2003, and returned to Arkansas on December 23, 2003, for Christmas leave. He knew when he returned to Arkansas on Christmas leave that he was to go back to Ft. Hood by January 2, 2004, in preparation for deployment to Iraq. Although Michael asserts that he had custody when he left to return to Ft. Hood, he held no court ordered custody, but rather Carson was with him as a result of an informal agreement Michael reached with Angel on Christmas Eve. Michael states in his affidavit, "Angel told me I could just keep Carson until January 2nd because she wanted to go to a concert at the River Market. I said it's a miracle, I don't understand why you are allowing this."

 Thus, when Hockey and Angel appeared before the circuit court on January 21, 2004, there was no court order regarding the custody of Carson. A decision of this court in *Jelks v. Jelks*, 207 Ark. 475, 181 S.W.2d 235 (1944), is helpful in this case. This court stated:

> Since appellant is a soldier in the armed forces of the United States, the court below continued his suit for divorce and it will not be disposed of except upon appellant's motion until his discharge from the service. (Soldiers' and Sailors' Civil Relief Act of 1940. Oct. 17, 1940, c. 888, § 1, 54 Stat. 1178, 50 U.S.C.A., § 501 et seq.)

> January 4, 1943, the court made an award to appellee for the support and maintenance of herself and their five-month-old baby "pendente lite and until further orders of this court."

> Inasmuch as appellant is the moving party here and has filed suit for divorce against his wife, temporary alimony may be awarded during its pendency and will be payable until the court below orders otherwise, and appellee would, under these circumstances, be entitled to the allowances without show of merit on her part. This court so held in *Slocum v. Slocum*, 86 Ark. 469, 111 S.W. 806 (quoting the headnote), "While, in a suit for divorce brought by a wife, she must make a showing of merit before the court will make her an allowance of temporary alimony and suit money, the court does not require such showing where the husband sues the wife, or brings a cross-bill, asking a divorce in a suit instituted by her."

*Jelks*, 207 Ark. at 477. In *Jelks*, the divorce case was stayed, but maintenance was granted anyway. A similar discussion in *Louis J. v. Superior Court*, 103 Cal. App. 4th 711, 127 Cal. Rptr. 2d 26 (2002), is helpful. The California Fourth District Court of Appeals denied a

petition for an extraordinary writ preventing the superior court from proceeding on child protection proceedings after the Superior Court denied Louis's motion for a stay under the Soldiers' and Sailor's Relief Act. The California Fourth District Court of Appeals stated:

> Louis does not explain how he was prevented from asserting a defense by being absent from the hearing. The aim of Louis's stay request was not to postpone the hearing until he could attend and participate, it was to give him time to be in a better position. "The Act may not be used as a sword against persons with legitimate claims against servicemen. Some balancing between the rights of the respective parties must be arrived at."

*Louis J.*, 103 Cal. App. 4th at 716 (quoting *Slove v. Strohm*, 94 Ill. App. 2d 129, 236 N.E.2d 326 (1968)). Michael's opposition to the hearing on custody was not so much based on his inability to be at the hearing as it was on a desire to make sure Carson remained with Hockey. The Civil Relief Act provides for "temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. app. § 502(2) (2003). The prior law similarly provided for a "temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service . . . ." 50 U.S.C. app. § 510 (1990). The most recent Act uses the term "adversely affect" rather than "prejudice." However, like the present Act, the earlier Soldiers and Sailor's Civil Relief Act was passed to:

> relieve those in the armed services from the strain of litigation during their period of service where the fact of their service would adversely affect their prosecution or defense of a pending case.

*Christine M. v. Superior Court*, 69 Cal. App. 4th 1233, 1243, 82 Cal. Rptr. 2d 220 (1999) (quoting *Johnson v. Johnson*, 59 Cal. App. 2d 375, 382, 139 P.2d 33 (1943)). Various acts have been passed by Congress over the years to protect servicemembers who suffer adverse effects in defending or prosecuting cases. However, that relief afforded against adverse effects may not be used to gain an advantage, or in other words, may not be used as a sword. *See, e.g., Louis, J., supra.* The idea is to relieve servicemembers from disadvantages arising from military service, not to provide advantages by reason of military service. Michael seeks an advantage over Angel in arguing that the circuit court and Angel are precluded from even raising the issue of tempo-

rary custody because Carson happened to be with Michael's mother when the stay was entered. Had Carson perchance been with Angel when the stay was entered, it is doubtful Michael would be arguing as he does presently. To accept Michael's argument would create an environment in which a servicemember could always gain custody by simply making sure the child is staying with the servicemember when the stay is requested. That would provide servicemembers an advantage rather than protect against adverse affects.

The circuit court stayed the domestic relations case until Michael's return, but that does not put Carson in suspended animation. His life goes on, and the circuit court properly entertained the issue of who should receive temporary custody. Even if the stay had been in place when the temporary custody was considered, it would not have prevented the circuit court from issuing the order. The circuit court has jurisdiction to consider matters such as support, custody, and other similar matters that arise during the course of the stay. *See Jelks, supra.* The petition is denied.