James E. EVANS, Jr. *v.* Jo Ann BLANKENSHIP,
Metropolitan National Bank, Michael J. Overton, and
Judith Blankenship Overton

08-241                                    286 S.W.3d 137

Supreme Court of Arkansas
Opinion delivered June 26, 2008

*Evans & Evans Law Firm*, by: *James E. Evans, Jr.*, for appellant.

*Michael Overton* and *Judith Overton*, pro se appellees.

*Williams & Anderson, PLC*, by: *John Kooistra, III*, and *Clayborne S. Stone*, for appellee Metropolitan National Bank.

DONALD L. CORBIN, Justice. Appellant James E. Evans, Jr., appeals the order of the Washington County Circuit Court transferring a suit for the recovery of attorney's fees filed in that court to the Jefferson County Circuit Court. On appeal, Evans argues that the trial court erred in ruling that (1) the objection to venue was not waived, and (2) he was required to obtain the permission of the Jefferson County Circuit Court to proceed against Appellee Metropolitan National Bank in Washington County.

The record reflects that the present case stems from litigation that arose in the Jefferson County Circuit Court regarding matters involving two trusts, the Samuel Wirt Blankenship, Jr., Revocable Living Trust, and the Julia Cooke Blankenship Revocable Living Trust (hereinafter "the Trusts"). Because of Judith Cooke Blankenship's decision declining to serve as Trustee of either Trust, Jo Ann Blankenship, Judith Overton, and Bob Blankenship were appointed as successor trustees. Thereafter, Jo Ann, Judith, and Julia[1] met with Evans about a possible cause of action against Bob Blankenship and Goat Shed Farms, Inc. Evans ultimately filed suit against Blankenship and his corporation in Jefferson County Circuit Court. As a result of the Jefferson County litigation, Metropolitan was appointed as receiver of the property held in the Trusts.

On January 17, 2007, Evans filed suit in Washington County Circuit Court to recover attorney's fees in the amount of $223,051.70 that he claimed were owed to him as a result of his representation of the Trusts. Metropolitan filed a motion to dismiss, alleging that venue was improper in Washington County and arguing that Evans should have petitioned the Jefferson County Circuit Court, as it was the court that appointed Metropolitan as receiver.

Jo Ann filed an answer, motion to dismiss, and counterclaim on February 27, 2007. Therein, she asserted several affirmative defenses and moved for dismissal of Evans's claim, pursuant to Ark. R. Civ. P. 12(b)(6), for failure to state facts upon which relief could be granted. Jo Ann also adopted Metropolitan's motion to dismiss based on improper venue. In addition, Jo Ann filed a counterclaim against Evans alleging claims of negligence, breach of fiduciary duty, and breach of contract related to Evans's representation of the Trusts in the Jefferson County proceeding.

Following Evans's filing of his suit, Michael and Judith Overton filed a cross-claim against Metropolitan and Jo Ann, seeking to recover funds they claimed to have advanced to the Trusts prior to Metropolitan's appointment as receiver.

A hearing on Metropolitan's motion to dismiss was held on April 12, 2007. Metropolitan argued that Washington County was the improper venue where the Jefferson County Circuit Court had appointed it as the receiver. Evans countered that venue was

---

[1] Julia Cooke Blankenship died on July 26, 2002.

proper in Washington County and that he was not required to obtain the Jefferson County Circuit Court's permission before proceeding with his cause of action. At the conclusion of the hearing, the trial court announced from the bench that it was necessary for Evans to obtain approval from Jefferson County to proceed and that it would take Metropolitan's motion to dismiss under advisement. A written order was subsequently entered of record on April 23, 2007, reflecting the trial court's oral ruling, as well as denying Jo Ann's motion to dismiss filed pursuant to Rule 12(b)(6).

Thereafter, the Jefferson County Circuit Court refused to grant Evans permission to proceed against Metropolitan in Washington County. A second hearing on Metropolitan's motion to dismiss was heard on October 4, 2007. Metropolitan again argued that because the Jefferson County Circuit Court had appointed it as receiver, it must consent to the litigation. Evans announced that his argument regarding venue had changed slightly. In addition to arguing that it was unnecessary for the Jefferson County Circuit Court to grant permission to proceed, Evans also argued that Metropolitan had waived its venue argument by failing to raise the defense under Rule 12(b)(3) in its answer to the Overtons' cross-complaint. At the conclusion of the hearing, the trial court announced that it was transferring the case to the circuit court in Jefferson County. The trial court then entered an order on December 13, 2007, granting Metropolitan's motion. This appeal followed.

As a threshold matter, this court must determine whether the present appeal is properly before us. A review of the record reveals that the order appealed from is not a final, appealable order pursuant to Ark. R. App. P.–Civ. 2(a). Although the present matter is not a proper interlocutory appeal, Evans asserts that we may still address the merits of his appeal by treating it as a petition for writ of prohibition or certiorari. This court may address an allegation of improper venue by means of an extraordinary writ, *see, e.g., Premium Aircraft Parts, LLC v. Circuit Court of Carroll County*, 347 Ark. 977, 69 S.W.3d 849 (2002); here, however, Evans has failed to demonstrate that he is entitled to such a writ.

According to Evans and the Overtons, the trial court was without authority to transfer this case to Jefferson County because Metropolitan waived the defense of improper venue. Specifically, they argue that Metropolitan waived the venue issue when it filed an answer to the cross-complaint filed by the Overtons and such a

waiver inured to the benefit of all parties and, as a result, this court should either issue a writ of prohibition preventing the Washington County Circuit Court from transferring the case or issue a writ of certiorari, directing that Washington County is the proper venue.

Prohibition is an extraordinary writ that is appropriate only when the trial court is wholly without jurisdiction. *Manila Sch. Dist. No. 15 v. Wagner*, 357 Ark. 20, 159 S.W.3d 285 (2004). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Id.* Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Id.* However, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. *Id.*

Evans and the Overtons contend that prohibition is warranted in this case because there is no other remedy, such as an appeal, available and that prohibition is the proper method to obtain review of the issue of the trial court's jurisdiction. Citing to *Premium*, 347 Ark. 977, 69 S.W.3d 849 (2002), Evans asserts that this court will grant a writ of prohibition on an issue of improper venue where there are no disputed facts regarding venue. In *Centerpoint Energy, Inc. v. Miller County Circuit Court*, 372 Ark. 343, 276 S.W.3d 231 (2008), we recently discussed the issuance of a writ of prohibition in a matter alleging improper venue. There, we stated:

> The purpose of a writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. As stated earlier, a writ of prohibition is extraordinary relief that is only appropriate when the trial court is wholly without jurisdiction. While jurisdiction is the power and authority of the court to act, venue is the place where the power to adjudicate is to be exercised. Venue has thus often been characterized as procedural rather than jurisdictional. However, even though procedural, this court has a long history of granting the writ when venue is improper as to a party. This is so because this court characterizes the venue issue as one of jurisdiction over the person, the improper assertion of which in that instance, justifies issuance of the writ. Where the issue of the writ of prohibition alleges improper venue, this court will grant the writ only when there are no disputed facts regarding venue. Furthermore, we will look only to the pleadings to determine if a complaint lacks

sufficient facts to support venue, and we ascertain the character of the action and the primary right asserted from the face of the complaint.

*Id.* at 354, 276 S.W.3d at 239-40 (citations omitted).

The holding in *Centerpoint*, as well as the holding in *Premium*, does not support Evans's contention that he is entitled to a writ of prohibition in the instant case. Both *Centerpoint* and *Premium* involved situations where the trial court improperly retained jurisdiction where venue was not proper in the respective courts. Thus, the courts' lack of jurisdiction over the persons warranted issuance of the writs of prohibition. Here, however, the trial court determined that it did not have jurisdiction because venue was proper in Jefferson County and therefore transferred the case to that county. A trial court has the authority to transfer a case when venue is proper in another court. *See* Ark. R. Civ. P. 12(h)(3). Moreover, the trial court's order transferring the case because of improper venue may be appealed once a final, appealable order is issued. *See, e.g., Gailey v. Allstate Ins. Co.,* 362 Ark. 568, 210 S.W.3d 40 (2005). Accordingly, there is no merit to the assertion that a writ of prohibition is warranted.

Likewise, Evans is not entitled to a writ of certiorari. A writ of certiorari is a remedy used to quash irregular proceedings. *Lenser v. McGowan,* 358 Ark. 423, 191 S.W.3d 506 (2004). Certiorari lies to correct proceedings erroneous upon the face of the record when there is no other adequate remedy. *Id.* Certiorari is available in the exercise of this court's superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. *Id.* However, certiorari may not be used to look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding upon facts or review the exercise of a court's discretionary authority. *Id.* Certiorari is appropriate where a party claims that a lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy. *Lackey v. Bramblett,* 355 Ark. 414, 139 S.W.3d 467 (2003). As previously stated, the trial court had discretion to transfer this cause to the Jefferson County Circuit Court. In so doing, the circuit court was not proceeding illegally, and a writ of certiorari will not lie.

Petition for writ of prohibition or, alternatively, certiorari denied.