984 A.2d 232

**Lisa WHITTAKER**

v.

**Terrance DIXON.**

**No. 32, Sept. Term, 2009.**

Court of Appeals of Maryland.

Nov. 18, 2009.

Nicholas D. Capousis (Nicholas D. Capousis, P.C., Annapolis), on brief, for Petitioner.

No argument on behalf of respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

PER CURIAM ORDER.

The petition for writ of certiorari in the above-entitled case having been granted and argued, it is this 18th day of November, 2009,

ORDERED, by the Court of Appeals of Maryland, that the writ of certiorari be, and it is hereby, dismissed with costs, the petition having been improvidently granted.

BELL, C.J., MURPHY and ADKINS, JJ., Dissent.

Dissenting Opinion by MURPHY, J., which ADKINS, J., joins and BELL, C.J., joins in part.

The petition for *writ of certiorari* that was filed in the case at bar asserts that "Petitioner is a Major in the United States Army and deployed overseas to Afghanistan in February, 2008. Prior to her deployment Petitioner entrusted the full time care and physical custody of the parties' minor child[, a daughter], born April 11, 2006, to her parents residing in Chesapeake, Virginia." Petitioner argues that the Circuit Court for Anne Arundel County did not have jurisdiction to enter an order granting her ex-husband, Respondent, "temporary residential custody" of their child.[1]

---

1. According to Petitioner, the case at bar presents three questions:
 (1) Whether the Courts below erred in upholding the Circuit Court judgment [that] was issued without a jurisdictional basis and in violation of Petitioner's rights pursuant to the federal Servicemember's Civil Relief Act (SCRA), 50 App. U.S.C.A. §§ 501 *et seq.* (2003)[?]
 (2) Whether the Courts below erred in finding that the Circuit Court did not abuse its discretion in declining to take further action to protect Petitioner's rights in restoring the status quo ante and not returning the minor child to Petitioner?
 (3) Whether the Courts below erred in finding that Petitioner was served with notice of collateral pleadings in the Circuit Court proceeding?

Petitioner and Respondent were divorced by a JUDG-MENT OF ABSOLUTE DIVORCE entered on September 13, 2007. In that judgment, the Circuit Court ordered that (1) Petitioner "be granted sole legal custody of the minor child ... so as to obtain a passport for the minor child and for unrestricted travel by the child," (2) Petitioner and Respondent "shall have joint legal custody for major issues[,]" (3) "the child shall continue to live primarily with [Petitioner] who will have residential custody and [Respondent] will have visitation[,]" and (4) "the Court shall retain jurisdiction over the parties and their minor child with respect to the issues [of] custody, visitation and support[.]"

On May 19, 2008, the Circuit Court entered TEMPORARY ORDER IN RESPONSE TO EMERGENCY FILING that granted "temporary residential custody" of the child to Respondent.[2] At the conclusion of a May 28, 2008 hearing during which both parties were represented by counsel,[3] the Circuit Court (1) granted Petitioner's request to rescind the May 19, 2008 order, but (2) denied Petitioner's request that her parents, who live in Chesapeake, Virginia, be granted temporary custody of the child.

Petitioner noted an appeal from the Circuit Court's refusal to order that the child be returned to the custody of Petitioner's parents. While affirming the judgment of the Circuit Court in an unreported opinion, the Court of Special Appeals stated:

> We conclude that the circuit court did not abuse its discretion in leaving [the child] in [Respondent's] care, pending further proceedings. The court did not, as [Peti-

---

2. That ex parte relief was granted on the basis of Respondent's MOTION FOR EMERGENCY RELIEF, which was accompanied by an affidavit asserting that Respondent had been "refused visitation by [Petitioner's parents]."

3. This hearing was held in response to a SPECIAL APPEARANCE BY [PETITIONER] IN SUPPORT OF MOTION TO SET ASIDE AND VACATE TEMPORARY ORDER IN RESPONSE TO EMERGENCY FILING, filed by Petitioner's counsel.

tioner] alleges, modify custody of [the child]. Rather, after vacating the temporary custody order, and in the absence of a motion to modify the divorce decree, the court merely declined to issue another emergency custody order.

As the court noted, after it vacated the temporary custody order, the custody order in the 2007 divorce degree was the effective order. Under that decree, [Respondent], who the court noted had "never been adjudged unfit," had joint legal custody of [the child] and physical custody rights in the nature of visitation.

*　　*　　*

Thus, in response to [Petitioner's] request "to restore the status quo ante" and return the child to the grandparents, the lower court properly pointed out that the status quo "was an order which said [Petitioner] has legal custody, but [Respondent] has visitation every other weekend," and "the grandparents [have] no legal standing in this case." Given that [Respondent] had joint legal custody of his daughter, as well as temporary custody in the form of visitation rights, it was proper for the trial court to decline to order that the child be returned to the third party grandparents.

*Whittaker v. Dixon*, No. 832, September Term, 2008, slip opinion pp. 10–11, filed January 9, 2009. (Footnotes omitted).

## I.

With thousands of troops on active duty in Iraq and Afghanistan, military custody issues arise frequently. In an all too common scenario, a servicemember who learns she will soon be deployed entrusts her child to the care of a grandparent or stepparent, rather than the child's other legal parent. While the servicemember is away on active duty, the other parent seeks custody of the child. If the custody arrangement is altered, the servicemember often faces a complicated legal battle to regain custody upon her return, in spite of her previous role as primary caregiver.

Though the servicemember can request a stay of the proceeding under the Servicemember Civil Relief Act

(SCRA), a lack of familiarity with the law often creates confusion among both the lawyers and judges involved, resulting in a denial or misapplication of the stay. Even if it is granted, a judge must balance the parents' rights with those of the child and may decide that the child's best interests trump the federal mandate and issue a new custody order in spite of the federal law.

Lauren S. Douglass, Avoiding Conflict at Home When There is Conflict Abroad: Military Child Custody and Visitation, *Family Law Quarterly*, Volume 43, Number 2, Summer 2009, p. 349. (Footnotes omitted).

In the case at bar, the record shows that the Circuit Court asked Petitioner's counsel the following question:

[Is it] your position that [the Servicemembers Civil Relief Act, 50 App. U.S.C.A. §§ 501 *et seq.*] provides that a service member in defiance of a custody order can place the children with third parties and utterly defeat the custodial claims of a second parent who has not been adjudged unfit for the duration of deployment to some assignment out of state or out of the country?

Because there are many military installations in this State and in close proximity to this State, I am certain that other Circuit Courts will also be asking this question, and I am persuaded that this Court should endeavor to provide the answer. I therefore dissent from the decision to dismiss, as improvidently granted, the *writ of certiorari* that was previously issued in this case. Chief Judge Bell and Judge Adkins have authorized me to state that they also dissent from the decision to dismiss.

## II.

"The *parens patriae* jurisdiction of circuit courts in this State is well established." *Wentzel v. Montgomery Gen. Hosp.*, 293 Md. 685, 702, 447 A.2d 1244, 1253 (1982), *cert. denied*, 459 U.S. 1147, 103 S.Ct. 790, 74 L.Ed.2d 995 (1983). I would hold that, pursuant to their inherent *parens patriae* authority, our Circuit Courts have jurisdiction to afford what-

ever relief is necessary to protect the best interests of a child whose custodial parent has been deployed. I would therefore affirm the judgment of the Court of Special Appeals, but order that the case be remanded to the Circuit Court for entry of an order that conforms to the requirements of § 9–108 of the Family Law Article.[4]

In *Lenser v. McGowan*, 358 Ark. 423, 191 S.W.3d 506 (2004), while denying a petition for writ of prohibition filed by a servicemember who asserted that the Circuit Court of Pulaski

---

4. Effective October 1, 2009, that statute provides:

 § 9–108. Custody or visitation order based on deployment of a parent

 (a) "Deployment" defined.—In this section:

 (1) "deployment" means compliance with military orders received by a member of the United States Army, Navy, Air Force, Marine Corps, Coast Guard, National Guard, or any other Reserve component to report for combat operations or other active service for which the member is required to report unaccompanied by any family member or that is classified by the member's branch as remote; and

 (2) "deployment" does not include National Guard or Reserve annual training, inactive duty days, or drill weekends.

 (b) Specific reference of deployment in order.—Any order or modification of an existing child custody or visitation order issued by a court during a term of a deployment of a parent shall specifically reference the deployment of the parent.

 (c) Specific reference to end of deployment in petition; hearing.—

 (1) A parent who petitions the court for an order or modification of an existing child custody or visitation order after returning from a deployment shall specifically reference the date of the end of the deployment in the petition.

 (2) (i) If the petition under paragraph (1) of this subsection is filed within 30 days after the end of the deployment of the parent, the court shall set a hearing on the petition on an expedited basis.

 (ii) If the court finds that extenuating circumstances prohibited the filing of the petition within 30 days after the end of the deployment of the parent, the court may set a hearing on the petition on an expedited basis whenever the petition is filed.

 (d) Other requirements of order.—Any custody or visitation order issued based on the deployment of a parent shall require that:

 (1) the other parent reasonably accommodate the leave schedule of the parent who is subject to the deployment;

 (2) the other parent facilitate opportunities for telephone and electronic mail contact between the parent who is subject to the deployment and the child during the period of deployment; and

 (3) the parent who is subject to the deployment provide timely information regarding the parent's leave schedule to the other parent.

County was without jurisdiction to enter a temporary custody order transferring custody of his child (from the servicemember petitioner's mother to his ex-wife, the child's mother), the Supreme Court of Arkansas stated:

Various acts have been passed by Congress over the years to protect servicemembers who suffer adverse effects in defending or prosecuting cases. However, that relief afforded against adverse effects may not be used to gain an advantage, or in other words, may not be used as a sword. *See, e.g., Louis, J. [v. Superior Court,* 103 Cal.App.4th 711, 127 Cal.Rptr.2d 26 (Cal.App.4th 2002) ], *supra.* The idea is to relieve servicemembers from disadvantages arising from military service, not to provide advantages by reason of military service. [The child's father] seeks an advantage over [the child's mother] in arguing that the circuit court and [the child's mother] are precluded from even raising the issue of temporary custody because [the child] happened to be with [the father's] mother when the stay was entered. Had [the child] perchance been with [the child's mother] when the stay was entered, it is doubtful [the child's father] would be arguing as he does presently. To accept [the] argument [of the child's father] would create an environment in which a servicemember could always gain custody by simply making sure the child is staying with the servicemember when the stay is requested. That would provide servicemembers an advantage rather than protect against adverse affects. The circuit court stayed the domestic relations case until [the] return [of the child's father], but that does not put [the child] in suspended animation. His life goes on, and the circuit court properly entertained the issue of who should receive temporary custody. Even if the stay had been in place when the temporary custody was considered, it would not have prevented the circuit court from issuing the order. The circuit court has jurisdiction to consider matters such as support, custody, and other similar matters that arise during the course of the stay.

*Id.* at 511. Because I agree with that analysis, I would affirm the holding of the Court of Special Appeals that "it was proper

for the trial court to decline to order that the child be returned to the third party grandparents."

Judge Adkins has authorized me to state that she would also affirm the judgment of the Court of Special Appeals.